CHET A. KRONENBERG (SBN: 222335)
ckronenberg@stblaw.com
ERICA SEDLER (SBN: 272250)
erica.sedler@stblaw.com
SIMPSON THACHER & BARTLETT LLP
1999 Avenue of the Stars, 29th Floor
Los Angeles, California 90067
Telephone: (310) 407-7500
Facsimile: (310) 407-7502

*Attorneys for Plaintiffs Travelers
Property Casualty Company of America;
The Travelers Indemnity Company of America;
and The Charter Oak Fire Insurance Company*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA; THE TRAVELERS INDEMNITY COMPANY OF AMERICA; and THE CHARTER OAK FIRE INSURANCE COMPANY, <br><br> Plaintiffs, <br><br> vs. <br><br> HYUNDAI L&C USA, LLC; CHUBB INDEMNITY INSURANCE COMPANY; LM INSURANCE CORPORATION; LIBERTY INSURANCE CORPORATION; and SAMSUNG FIRE & MARINE INSURANCE CO., LTD., <br><br> Defendants. | Case No. 2:26-cv-01582 MEMF (Ex) <br><br> **PLAINTIFFS' OPPOSITION TO DEFENDANT HYUNDAI L&C USA, LLC'S MOTION TO DISMISS OR STAY** <br><br> Date:          June 25, 2026 <br> Time:          10:00 a.m. <br> Courtroom:  8B <br><br> Judge: Hon. Maame Ewusi-Mensah Frimpong <br><br> [Filed concurrently herewith: Declaration of Thomas W. O'Brien; Declaration of Chet A. Kronenberg; Plaintiffs' Evidentiary Objections to Declaration of Min J. Koo] |

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................5

FACTS ....................................................................................................................7

    A.    Hyundai .....................................................................................7

    B.    The Policies ...............................................................................7

    C.    The Silica Lawsuits ...................................................................8

    D.    This Insurance Coverage Action ...............................................9

        1.    Travelers' Original Complaint .......................................9

        2.    Travelers' First Amended Complaint ...........................11

    E.    The Georgia Action ................................................................12

    F.    Payment of Defense Costs ......................................................12

LEGAL STANDARD .............................................................................................12

    A.    Legal Standard for *Wilton*/*Brillhart* Abstention .....................12

    B.    Legal Standards for Motion to Dismiss Under Rule 12(b)(6) ...................................................................................13

ARGUMENT ..........................................................................................................13

    I.    THE COURT SHOULD NOT DECLINE JURISDICTION UNDER THE DECLARATORY JUDGMENT ACT .......................13

    A.    Jurisdiction Is Mandatory Because Travelers Has Asserted a Cause of Action for Monetary Damages ...............13

    B.    The *Brillhart* Factors Do Not Support a Stay in This Case .......................................................................................15

        1.    Needless Determination of State Law Issues ................15

        2.    Whether Complete Relief Can Be Obtained in Georgia ......................................................................16

        3.    Forum Shopping ..........................................................16

    II.    TRAVELERS SIXTH CAUSE OF ACTION FOR RECOUPMENT OF PAYMENTS STATES A CLAIM ...................17

    III.    HYUNDAI'S REQUEST FOR A STAY SHOULD BE DENIED ................................................................................18

    CONCLUSION .............................................................................19

# TABLE OF AUTHORITIES

## CASES

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)............................................................................................13

*Atain Specialty Ins. Co. v. E.H. Fortitude Inc.*,
2025 U.S. Dist. LEXIS 102300 (S.D. Ga. May 29, 2025) .............................18

*Brillhart v. Excess Insurance Co. of America*,
316 U.S. 491 (1942)..............................................................................................6

*Buss v. Superior Court*,
16 Cal. 4th 35 (1997) .........................................................................................17

*Cambria Co. LLC v. Phila. Indem. Ins. Co.*,
2026 U.S. Dist. LEXIS 57980 (C.D. Cal. Mar. 17, 2026) .............................16

*Columbia Cas. Co. v. Abdou*,
2016 U.S. Dist. LEXIS 110900 (S.D. Cal. Aug. 18, 2016)............................17

*Erickson v. Pardus*,
551 U.S. 89 (2007)..............................................................................................13

*Government Employees Insurance Co. v. Dizol*,
133 F.3d 1220 (9th Cir. 1998) ..........................................................................14

*Hanover Ins. Co. v. Western American Props., Inc.*,
2020 WL 2542610 (C.D. Cal. Jan. 13, 2020).................................................14

*Infinity Ins. Co. v. McAlister*,
2025 U.S. Dist. LEXIS 210042 (C.D. Cal. Oct. 21, 2025) ...........................14

*Lee v. City of Los Angeles*,
250 F.3d 668 (9th Cir. 2001) ............................................................................13

*Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*,
460 U.S. 1 (1983)................................................................................................18

*Park v. Thompson*,
851 F.3d 910 (9th Cir. 2017) ............................................................................18

*R.R. Street & Co., Inc. v. Transport Ins. Co.*,
656 F.3d 966 (9th Cir. 2011) ......................................................................12, 13

*Scheuer v. Rhodes*,
416 U.S. 232 (1974)............................................................................................17

*Snodgrass v. Provident Life & Acc. Ins. Co.*,
147 F.3d 1163 (9th Cir. 1998) ..........................................................................12

*St. Paul Fire & Marine Insurance Co. v. City & County of San Francisco*,
2005 U.S. Dist. LEXIS 58675 (N.D. Cal. Dec. 21, 2005) ............................14

*United Nat. Ins. Co. v. R&D Latex Corp.*,
    242 F.3d 1102 (9th Cir. 2001) ....................................................................................13, 14

*Wilton v. Seven Falls Co.*,
    515 U.S. 277 (1995)...................................................................................................6

**OTHER AUTHORITIES**

California Practice Guide: Insurance Litigation,
    CAINSL Ch. 7B-J, 7:727 (Aug. 2025).......................................................................17

Rule 12(b)(6)..............................................................................................................7

Plaintiffs Travelers Property Casualty Company of America, The Travelers Indemnity Company of America, and The Charter Oak Fire Insurance Company (collectively, "Travelers") submit this Opposition to the motion to dismiss, or in the alternative to stay proceedings, filed by Defendant Hyundai L&C USA, LLC ("Hyundai") [ECF 32-1] (the "Motion").

## **PRELIMINARY STATEMENT**

Hyundai asks this Court to step aside in favor of a later-filed Georgia coverage action against Travelers, even though no such action was pending against Travelers when Travelers commenced this case.  That request should be denied.

This coverage action arises from hundreds of underlying lawsuits alleging bodily injury, death, and other damages from exposure to crystalline silica contained in stone products designed, manufactured, marketed, and/or sold by Hyundai, individually and as successor to Hanwha L&C USA, LLC ("Hanwha").  Those underlying lawsuits (the "Silica Lawsuits") are overwhelmingly concentrated in California—not Georgia.  Of the 176 Silica Lawsuits identified in Exhibit 1 attached to the First Amended Complaint ("FAC"), (i) 172 are venued in California; (ii) 109 are venued in Los Angeles; and (iii) *none* are pending in Georgia.  Moreover, the underlying claimants allege that Hyundai's principal place of business is in Cerritos, California.

Travelers filed this action in this Court on February 13, 2026 to resolve insurance-coverage issues arising from the Silica Lawsuits, including the applicability of silica exclusions in Travelers' policies.  Travelers did so because it and affiliated entities previously had been named as defendants in three substantially similar, separate insurance coverage actions in this District concerning the same underlying lawsuits.  All three of those actions are currently pending before Judge Almadani.  Given these facts, Travelers filed a Notice of Related Cases (the "Notice") when it filed this action, identifying this case as related to the actions before Judge Almadani.  *See* ECF No. 4.  Neither Hyundai nor any of the other insurers filed any opposition to the

Notice.  To Travelers' knowledge, the Court has not yet acted on the Notice.

Notably, when Travelers filed this action, it was not a defendant in any Georgia insurance coverage action concerning the Silica Lawsuits.  Hyundai states that it did not file its Georgia complaint against Travelers until May 7, 2026—83 days after this action began and the same day Hyundai filed the present Motion.  Hyundai further acknowledges that, when it filed the Motion, it had not yet even obtained a conformed copy of its Georgia complaint against Travelers.  Hyundai thus asks this Court to dismiss or stay a first-filed federal action in favor of a later-filed Georgia action against Travelers.

None of these facts are a proper basis for dismissal or even a discretionary stay.  Although *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942), and *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995), recognize a district court's discretion in certain declaratory-judgment cases, that discretion does not support abstention here.  No Georgia action against Travelers was pending when this case was filed, and Travelers has asserted an independent claim seeking monetary relief for recoupment of its payments to Hyundai in addition to  claims for declaratory relief.  Where claims exist independent of declaratory relief, the Court's "virtually unflagging obligation" to exercise jurisdiction remains.

Hyundai argues that Travelers' claim for recoupment of defense costs should be disregarded because, at the time the FAC was filed, Travelers had not yet issued the payment.  But that argument ignores the reason no payments had been issued: Hyundai refused Travelers' offer of defense under one of the policies at issue subject to a reservation of rights and refused to engage in discussions of Travelers' share of such defense costs and cost share allocations with Hyundai's other insurers.  Since then, Travelers has made a payment to Hyundai in the amount of $287,996.47.  Hyundai cannot avoid this Court's jurisdiction by relying on a temporary absence of payments that resulted from Hyundai's own conduct.

- 6 -

Hyundai's Rule 12(b)(6) attack on Travelers' recoupment claim fails as well. Relying on a declaration from Hyundai's counsel, Hyundai contends that the claim is unripe because Travelers had not paid any of Hyundai's defense costs. But the FAC alleges that, before this action was filed, Travelers agreed to defend a subset of the Silica Lawsuits under the June 15, 2015 to June 15, 2016 policy, subject to a full reservation of rights, including the right to seek recoupment of defense costs. The FAC further alleges that Travelers is prepared to participate in the defense of Hyundai in the Silica Lawsuits subject to those same reservations. At this stage, those allegations are sufficient. And to the extent Hyundai relies on any contrary factual assertions in its counsel's declaration, that argument fails for the independent reason that, on a motion to dismiss, the Court may not resolve factual disputes or credit matters outside the pleadings. Travelers, therefore, has adequately stated a claim for recoupment.

## FACTS

### A.    Hyundai

In the Silica Lawsuits, the underlying claimants allege that Hyundai "has had its principal place of business in the State of California at 16031 Carmenita Rd., Cerritos, CA 90703" and was "doing business in the County of Los Angeles, State of California." *See*, *e.g.*, Declaration of Chet A. Kronenberg ("Kronenberg Decl.), Ex. 1 (*Quiroz* Complaint) ¶¶ 42-43.

### B.    The Policies

Travelers issued primary and excess/umbrella insurance policies to Hyundai and/or its predecessor Hanwha from June 15, 2015 to June 15, 2022. *See* ECF 26 (FAC) ¶ 16. Travelers' primary policies exclude coverage for the Silica Lawsuits because those policies contain a silica exclusion, which excludes coverage for bodily injury or property damage "arising out of the actual, alleged or threatened discharge, dispersal, emission, release, escape, handling, contact with, exposure to or inhalation or respiration of 'silica' or 'silica-related dust'." *Id.* ¶ 21. Under the "Definitions" section of the policies, (i) "Silica" means "silicon dioxide (occurring in

- 7 -

crystalline, amorphous and impure forms), silica particles, silica dust or silica compounds"; and (ii) "Silica-related dust" means "a mixture or combination of 'silica' and other dust or particles." *Id.* In all of the excess follow-form and umbrella liability policies, the umbrella portion contains a substantially similar silica exclusion and the excess portion follows form to the underlying primary policies. *Id.* ¶ 22.

All the policies also contain pollution exclusions which likewise eliminate or limit the coverage afforded by the policies for the Silica Lawsuits. *Id.* ¶ 23-24.

### C.    The Silica Lawsuits

Exhibit 1 to Travelers' FAC identifies 176 Silica Lawsuits filed against Hyundai. One hundred and seventy-two (172) of these cases are venued in California and 109 are venued in Los Angeles. None are pending in Georgia. *See* FAC at Ex. 1.

The action captioned *Cesar Manuel Gonzalez Quiroz v. American Marble & Onyx Company, Inc., et al*, County of Los Angeles, CA, Case No. 24STCV01477 ("*Quiroz*") (Kronenberg Decl. Ex. 1) is representative of the claims and allegations asserted in the other Silica Lawsuits. As set forth in FAC paragraph 27, *Quiroz* alleges, for example:

- "[Hanwha's] product . . . contains approximately **90% crystalline silica and causes silicosis**." *Quiroz* Third Amended Compl. ¶ 855 (emphasis added).

- "The Material Safety Data Sheet [for Hanwha's product] then says: 'Dust generated during handling of quartz surfaces products can contain particles of crystalline silica.' This is also a misleading statement, because dust generated during handling of quartz surfaces products **invariably does contain particles of crystalline silica**." *Id.* (emphasis added).

- "The most significant aspects of the June 30, 2005 Material Safety Data Sheet are that Hanwha was aware as early as 2005 that exposure to its product can cause silicosis and the company

- 8 -

concealed from workers that they needed to wear respiratory protection so as not to get silicosis." *Id.* ¶ 859.

- "The company's concealment of the true nature and severity of the silicosis hazard and the means of preventing silicosis was approved and ratified by the company's managers, Hyung Suk Kim, Sung Kim, and Jae Kak Lee." *Id.* ¶ 872.

- "[F]abricating[] stone products ***produces large amounts of respirable crystalline silica dust*** which stone fabrication workers inhale, typically causing chronic silicosis as well as lung cancer and various other ***silica-related diseases***." *Id*. ¶ 95 (emphasis added).

- "Plaintiff . . . suffers from specific illnesses, to wit, ***silicosis and other related and consequential medical conditions***." *Id*. ¶ 1378..

### D. This Insurance Coverage Action

#### 1. Travelers' Original Complaint

On February 13, 2026, Travelers commenced this action against Hyundai and Hyundai's other insurers to obtain a comprehensive resolution of Hyundai's insurance claims. Travelers' original complaint alleged that Travelers initially declined coverage under all the policies because, among other reasons, they contain a silica exclusion and a pollution exclusion, but that as a compromise and on an interim basis, Travelers later agreed to defend a subset of the Silica Lawsuits under its 2015-16 policy, subject to a complete reservation of all rights and defenses and the right to recoup defense costs. ECF No. 1 (Initial Complaint) ¶ 27.[1]

In its initial complaint, Travelers asserted the following causes of action: (i) declaratory relief re: no duty to defend against Hyundai; (ii) declaratory relief re: no duty to indemnity against Hyundai; (iii) in the alternative, declaratory judgment – scope of obligations to defend or indemnify Hyundai; (iv) in the alternative,

---

[1] Travelers' offer of compromise was based on Hyundai's contention that the silica exclusion in the 2015-16 policy was added after the policy's issuance.

declaratory relief – equitable contribution against insurer defendants; and (v) in the alternative, declaratory relief – equitable indemnity against insurer defendants. *Id.* at ¶¶ 29-47.

At the time Travelers commenced this action, the following three other insurance coverage lawsuits were pending against Travelers and its affiliates before Judge Almadani with respect to the same underlying lawsuits:

- In *Surface Warehouse LP v. The Charter Oak Fire Insurance Company, et. al.*, Case No. 2:25-cv-03895-MRA-MAA (the "*Surface Warehouse* Action"), Surface Warehouse, LP sued the following Travelers entities: The Charter Oak Fire Insurance Company and Travelers Property Casualty Company of America.

- In *Pacific Shore Stones, LLC, et. al. v. Allied Property & Casualty Company, et. al.*, Case No. 2:25-cv-04370-MRA-MAA (the "*Pacific Shore* Action"), Pacific Shore Stones, LLC, Pacific Shore Stones Bakersfield, LLC, and Pacific Shore Holdings, Inc. sued the following Travelers entities: The Travelers Indemnity Company of America, The Charter Oak Fire Insurance Company, Travelers Property Casualty Company of America, and The Travelers Indemnity Company of Connecticut.

- In *Regent Insurance Company et al. v. Cambria Enterprises et al.*, Case No. 2:25-cv-04142-MRA-MAA (the "*Cambria* Action"), Cambria Enterprises LLC and Cambria Company LLC sued the following Travelers entities: The Phoenix Insurance Company and Travelers Property Casualty Company of America.[2]

---

[2] There also are other insurance coverage actions pending against other insurers in this District with respect to the same underlying lawsuits, many of which involve the same or similar questions related to the applicability of silica and/or pollution exclusions. *See, e.g.*, *Caesarstone USA, Inc., v. Allied Worl Assur. Co.*, No. 2:25-cv-09582-MRA-MAAx (C.D. Cal.); *Sompo America Insurance Company v. LX Hausys America, Inc.*, No. 2:25-cv-02832-JFW-MAA (C.D. Cal.); *Hanover Am. Ins. Co. v. Francini, Inc.*, No. 2:23-cv-10047-MRA-MAA (C.D. Cal.); *Liberty Mutual Fire Insurance Company et al. v. LX Hausys America, Inc.*, No. 2:25-cv-07207-CAS-KS (C.D. Cal.); *Regent Insurance Company et al. v. Stone Source LLC*, No. 2:25-cv-06702-MRA-MAA (C.D. Cal.); *Hartford Casualty Insurance Company v. Gramar Stone Center, Inc.*, No. 8:23-cv-02395-JFW-DFM (C.D. Cal.); *Cambria Co. LLC v.*

Accordingly, also on February 13, 2026, Travelers filed the Notice identifying this case as related to the *Surface Warehouse* Action, the *Pacific Shore* Action, and the *Cambria* Action. ECF No. 4. Neither Hyundai nor any of the other insurers filed an opposition. Based on the docket, the Court has not yet acted on the Notice.

### 2. Travelers' First Amended Complaint

After Travelers filed its initial complaint, counsel for defendant Liberty Mutual Insurance Company advised Travelers that the proper Liberty entity defendants should be LM Insurance Corporation and Liberty Insurance Corporation, and asked that Travelers file an amended complaint reflecting so.

In addition, following Judge Almadani's March 31, 2026 rulings, granting in part and denying in part insurers' motions for judgment on the pleadings in the *Surface Warehouse* Action, the *Pacific Shore* Action, and the *Cambria* Action, Travelers decided at this time to defend Hyundai in the Silica Lawsuits under a complete reservation and nonwaiver of all rights and defenses, including the right to recoup defense costs. In light thereof, on April 23, 2026, Travelers filed its FAC which replaced Liberty Mutual Insurance Company with LM Insurance Corporation and Liberty Insurance Corporation, and alleged that "Travelers is now willing to provide a defense of the Silica Lawsuits under a complete reservation of all rights and defenses, including the right to recoup defense costs . . . ." FAC ¶ 28. Travelers also added a cause of action for "Recoupment of Plaintiffs' Payments" against Hyundai, as well as a Prayer for "money damages in recoupment for defense and/or indemnity costs incurred by Plaintiffs related to uncovered claims in the Silica Lawsuits, in an amount to be proven at trial." *Id.* ¶¶ 49-54 & Prayer ¶ 3.

*Phila. Indem. Ins. Co.*, No. 2:24-cv-01913-MEMF-MBK.

### E.    The Georgia Action

On February 11, 2026, Samsung Fire & Marine Insurance Co., Ltd. ("Samsung") filed an insurance coverage lawsuit in Georgia against Hyundai with respect to the Silica Lawsuits. Samsung did not name Travelers or any other insurers as defendants. According to Plaintiffs, on May 7, 2026, the same day Hyundai filed its motion to dismiss or stay, Hyundai asserted affirmative claims against Travelers in the Georgia declaratory judgment action. Hyundai's Request for Judicial Notice ("RJN"), at 2 & Exs. 10 & 11.

### F.    Payment of Defense Costs

On May 21, 2026, Travelers issued payment to Hyundai in the amount of $287,996.47 for interim defense costs, subject to a complete reservation and nonwaiver of all rights and defenses, including the right of recoupment. Declaration of Thomas W. O'Brien ("O'Brien Decl.") ¶ 3.

## LEGAL STANDARD

### A.    Legal Standard for *Wilton/Brillhart* Abstention

"[A] district court has discretion to dismiss a federal declaratory judgment action when 'the questions in controversy . . . can better be settled in' a pending state court proceeding." *R.R. Street & Co., Inc. v. Transport Ins. Co.*, 656 F.3d 966, 975 (9th Cir. 2011) (quoting *Brillhart v. Excess Insurance Co. of Am.*, 316 U.S. 491, 495 (1942)). "The [Supreme] Court reaffirmed this principle in *Wilton*, holding that a district court may decline to entertain a federal declaratory judgment action when state court proceedings 'present[] opportunity for ventilation of the same state law issues.'" *Id.* (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 290 (1995)) (alteration in original).

Significantly, however, "claims that exist independent of the request for a declaration . . . invoke the 'virtually unflagging' obligation of the district court to hear jurisdictionally sufficient claims." *Snodgrass v. Provident Life & Acc. Ins. Co.*, 147 F.3d 1163, 1167 (9th Cir. 1998) (cleaned up). A claim for monetary relief is

- 12 -

independent of the declaratory judgment claim if "it could be litigated in federal court even if no declaratory claim had been filed." *United Nat. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1113 (9th Cir. 2001).  "[I]f the same action contains claims for both monetary and declaratory relief, 'the district court should not, as a general rule . . . decline to entertain the claim for declaratory relief.'"  *R.R. Street*, 656 F.3d at 976 (citing *Snodgrass*, 147 F.3d at 1167).

**B.     Legal Standards for Motion to Dismiss Under Rule 12(b)(6)**

To survive a motion to dismiss, the complaint must contain sufficient facts to state a claim that is plausible on its face, which means that the facts alleged and the reasonable inferences that can be drawn from them demonstrate that the defendant is legally liable for the conduct.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  When ruling on a motion to dismiss, the Court must accept as true the factual allegations in the FAC.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  The Court also must view all inferences in a light most favorable to Plaintiffs and must limit its review to the pleadings, including the operative complaint and attachments, documents it necessarily relies on whose authenticity is not contested, and judicially noticeable matters of public record that are not subject to reasonable dispute.  *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).

**ARGUMENT**

**I.     THE COURT SHOULD NOT DECLINE JURISDICTION UNDER THE DECLARATORY JUDGMENT ACT**

**A.     Jurisdiction Is Mandatory Because Travelers Has Asserted a Cause of Action for Monetary Damages**

Travelers does not solely seek declaratory relief.  In addition to its declaratory relief claims, Travelers pleads a separate cause of action for "Recoupment of Plaintiffs' Payments."  FAC ¶¶ 49–54.  That distinction is dispositive.  Where a complaint joins declaratory claims with non-declaratory claims that independently support federal jurisdiction—such as claims for monetary relief—the court may not

- 13 -

decline jurisdiction over the declaratory component.  As the Ninth Circuit explained in *Government Employees Insurance Co. v. Dizol*, "the district court should not, as a general rule, remand or decline to entertain the claim for declaratory relief" when independent claims are present.  133 F.3d 1220, 1225 (9th Cir. 1998).  Indeed, *Dizol* makes the point unequivocally: when non-declaratory claims provide an independent basis for diversity jurisdiction, the district court is "without discretion" to remand or decline those claims and has a "***virtually unflagging***" obligation to exercise jurisdiction over them.  *Id.* at 1225 n. 6 (emphasis added); *see also Infinity Ins. Co. v. McAlister*, 2025 U.S. Dist. LEXIS 210042, at *8-9 (C.D. Cal. Oct. 21, 2025) ("The damages claims are viable.  The *Wilton*/*Brillhart* abstention doctrine is therefore inapplicable.").

The relevant inquiry, moreover, is not whether the recoupment claim overlaps factually or legally with the declaratory claims.  The Ninth Circuit has rejected that formulation.  Rather, a claim is "independent" if it "could be litigated in federal court even if no declaratory claim had been filed," not only if it can be resolved without touching issues raised by the declaratory action.  *United Nat. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1113 (9th Cir. 2001).  Applying that standard, courts have repeatedly held that an insurer's reimbursement or recoupment claim is independent of a related request for declaratory relief.  *See id.* at 1114 ("Travelers' request for reimbursement is independent of the request for declaratory relief."); *Hanover Ins. Co. v. Western American Props., Inc.*, 2020 WL 2542610, at *3 (C.D. Cal. Jan. 13, 2020) ("Even though adjudicating the claim for reimbursement may require the factfinder to determine whether Plaintiff has a duty to defend . . . the fact that the two claims involve the analysis of similar issues does not require a departure from *R&D Latex's* conclusion" that the claims are sufficiently independent to trigger mandatory jurisdiction).

Hyundai's reliance on *St. Paul Fire & Marine Insurance Co. v. City & County of San Francisco*, 2005 U.S. Dist. LEXIS 58675 (N.D. Cal. Dec. 21, 2005), an

- 14 -

unreported 20-year-old decision that appears not to have been cited by any other court, does not alter that result.  Hyundai argues that a reimbursement claim is not independent when it concerns only hypothetical future defense costs not yet incurred. *See* ECF 32-1 (Motion) at 11–12 (citing *St. Paul*).  But that is not this case.  Travelers' recoupment claim is not abstract, contingent, or advisory.  Hyundai's own submissions confirm as much.  On December 5, 2025, Travelers agreed "to contribute[] at a fixed 11.85% . . . toward the reasonable and necessary defense costs incurred in the Lawsuits that impact our 2015–16 Policy."  ECF 32-9 (Declaration of Min Koo ("Koo Decl."), Ex. 4).  On February 5, 2026, Hyundai demanded that Travelers reimburse $1,552,000 within ten days.  ECF 32-10 (Koo Decl., Ex. 5).  And in the FAC, Travelers alleges that it is willing to provide a defense to the Silica Lawsuits only subject to a complete reservation of rights, including the right to recoup defense costs. ECF 26 (FAC) ¶ 28. These are concrete, present facts—not speculative future contingencies.  ***Furthermore, Travelers has in fact paid $287,996.47 in interim defense costs***.  *See* O'Brien Decl. ¶ 3.

Accordingly, Hyundai's attempt to characterize the recoupment claim as merely incidental to declaratory relief fails.  Once Hyundai demanded payment and Travelers agreed to fund Hyundai's defense, the recoupment dispute became an immediate monetary controversy that could be litigated in federal court whether or not any declaratory claim had been filed.  That is the definition of an "independent" claim under *R&D Latex*.  And because Travelers has asserted such a claim here, this Court does not have discretion to decline jurisdiction.

**B.    The *Brillhart* Factors Do Not Support a Stay in This Case**

Even if Travelers' recoupment claim were not independent of its declaratory relief claims (it is), the *Brillhart* factors still do not support abstention. Travelers addresses each factor in turn.

**1.    Needless Determination of State Law Issues**

Hyundai's argument disregards the fact that multiple insurance coverage

- 15 -

actions arising from the same Silica Lawsuits are already pending in this District, including actions in which parties have argued that California law does not apply because the relevant policies were issued outside California. For example, in *Cambria Co. LLC v. Phila. Indem. Ins. Co.*, 2026 U.S. Dist. LEXIS 57980 (C.D. Cal. Mar. 17, 2026), the insurer argued that Minnesota law should govern the insurance policy issued to a Minnesota-based insured. This Court rejected that argument and held that California law applied because California's interest was greater than Minnesota's. *Cambria*, 2026 U.S. Dist. LEXIS 57980, at \*26. Accordingly, the fact that the policies here were purportedly issued and delivered in Georgia does not distinguish this case. Rather, this case is consistent with the many other insurance coverage actions pending in this District.

### 2. Whether Complete Relief Can Be Obtained in Georgia

This action involves Hyundai and all of its insurers. By contrast, the Georgia action involves only Hyundai, Samsung, and Travelers. Complete relief therefore is currently available only in this action.

### 3. Forum Shopping

Hyundai's accusation of forum shopping is unfounded. The underlying claimants allege that Hyundai's principal place of business is in Cerritos, California; the vast majority of the Silica Lawsuits are pending in California while *none* are pending in Georgia; and numerous insurance coverage actions against Travelers and other insurers concerning the same underlying lawsuits are already pending in this District. This action is also the first-filed coverage action between Hyundai and Travelers, and Hyundai did not attempt to sue Travelers in Georgia until 83 days after Travelers commenced this action. If Hyundai truly believed a Georgia forum was critical, it certainly did not act with any sense of urgency to secure one. In any event, denial of Hyundai's Motion would not prevent either party from arguing that Georgia law applies to any issue on which Georgia law materially differs from California law.

## II. TRAVELERS SIXTH CAUSE OF ACTION FOR RECOUPMENT OF PAYMENTS STATES A CLAIM

Travelers' sixth cause of action for recoupment of payments adequately states a claim under either California or Georgia law. The FAC alleges, among other things, that Travelers (i) agreed to defend Hyundai in the Silica Lawsuits subject to a reservation of rights, including an express reservation of the right to seek recoupment (ECF 26 (FAC) ¶ 28); (ii) "ha[s] incurred or will incur sums for the defense of Hyundai in the Silica Lawsuits" (*id.* ¶ 50); and (iii) is entitled to reimbursement of any sums paid for defense or indemnity if it is determined that no coverage exists under the policies (*id.* ¶ 53). Those allegations are more than sufficient at the pleading stage. At this juncture, "the issue is not whether the plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

That is especially so where, as here, the insurer alleges that it undertook the defense subject to a reservation of rights. As insurance authorities recognize, if an insurer is aware "of grounds for contesting coverage, it should reserve its rights before undertaking a defense in order to avoid claims of waiver and estoppel." California Practice Guide: Insurance Litigation, CAINSL Ch. 7B-J, 7:727 (Aug. 2025). Indeed, the right to recoupment is recognized as quasi-contractual and arises from the insurer's timely reservation of rights, not from the act of payment itself. *Buss v. Superior Court*, 16 Cal. 4th 35, 61 n. 27 (1997) (noting the right to recoupment must be reserved and, "[t]hrough reservation, the insurer avoids waiver"). It follows that an insurer acts properly in asserting a recoupment claim when it undertakes a defense subject to such a reservation. And because any ultimate reimbursement obligation turns on whether the costs at issue relate to non-covered claims and any applicable cost allocation, the fact that the total amount of defense costs has not yet been finally determined does not defeat the claim at the pleading stage. *See Columbia Cas. Co. v. Abdou*, 2016 U.S. Dist. LEXIS 110900, at \*10 (S.D. Cal. Aug. 18, 2016) (finding uncertainty of amounts

paid inconsequential to reimbursement analysis).

Hyundai's reliance on the declaration from its outside general counsel asserting that that Travelers has not yet paid any defense costs (ECF 32-4 (Koo Decl.) ¶ 11) is procedurally improper at this stage. In evaluating whether Travelers has stated a claim for recoupment, the Court must accept the FAC's factual allegations as true and construe them in the light most favorable to Travelers. *Park v. Thompson*, 851 F.3d 910, 918 (9th Cir. 2017). The FAC expressly alleges that Travelers "ha[s] incurred or will incur sums for the defense of Hyundai in the Silica Lawsuits." FAC ¶ 50. That allegation is sufficient at the pleading stage and cannot be defeated by a declaration outside the pleadings submitted in support of a motion to dismiss.

Nor does Georgia law require a different result. Hyundai is incorrect to suggest that recoupment is unavailable as a matter of law under Georgia law where an insurer is found to have no duty to defend. *See Atain Specialty Ins. Co. v. E.H. Fortitude Inc.*, 2025 U.S. Dist. LEXIS 102300, at *10–12 (S.D. Ga. May 29, 2025) ("Plaintiff *is* entitled to judgment as a matter of law on the right to recoupment") (emphasis added). At a minimum, Travelers has plausibly alleged a basis for recoupment sufficient to survive a motion to dismiss.

## III. HYUNDAI'S REQUEST FOR A STAY SHOULD BE DENIED

Hyundai's request for a stay should likewise be denied because a stay of this action is tantamount to abstaining from exercising jurisdiction. *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 10 (1983). In addition, this is the first-filed insurance coverage action between Hyundai—which the underlying claimants allege is based in Cerritos, California—and Travelers. It is also the only action that includes Hyundai and all of its insurers, and it proceeds alongside numerous insurance coverage actions concerning the same underlying lawsuits already pending in this District. Under these circumstances, a stay would not promote efficiency or avoid duplicative litigation; rather, it would impede the coordinated resolution of overlapping coverage issues already before this Court.

## **CONCLUSION**

For the foregoing reasons, Travelers respectfully requests that the Court deny Hyundai's Motion to Dismiss or Stay.


Dated: May 21, 2026                SIMPSON THACHER & BARTLETT LLP


By: _/s/ Chet A. Kronenberg_
        CHET A. KRONENBERG

*Attorneys for Plaintiffs with respect to Counts I-III, & VI*

- 19 -

## **L.R. 11-6.2 Certificate of Compliance**

The undersigned, counsel of record for Defendant The Standard Fire Insurance Company, certifies that this brief contains 4,503 words, which complies with the word limit of L.R. 11-6.2.

Dated: May 21, 2026                    SIMPSON THACHER & BARTLETT LLP

                                       By: _/s/ Chet A. Kronenberg_
                                           CHET A. KRONENBERG

                                       *Attorneys for Plaintiffs with respect to Counts I-III, & VI*

L.R. 11-6.2 CERTIFICATE OF COMPLIANCE
CASE NO. 2:26-CV-01582 MEMF (EX)