Benjamin S. Tragish, CSB #292188
**TRAGISH LAW**
2625 Townsgate Road, Ste. 330
Westlake Village, CA 91361
Telephone: (805) 267-1150
E-Mail: ben@tragishlaw.com

Attorney for Defendant, HYUNDAI L&C
USA, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA; THE TRAVELERS INDEMNITY COMPANY OF AMERICA; and THE CHARTER OAK FIRE INSURANCE COMPANY<br><br>Plaintiffs,<br><br>v.<br><br>HYUNDAI L&C USA, LLC; CHUBB INDEMNITY INSURANCE COMPANY; LIBERTY MUTUAL INSURANCE COMPANY; and SAMSUNG FIRE & MARINE INSURANCE CO., LTD,<br><br>Defendants. | Case No. 2:26-cv-01582-MEMF (Ex)<br><br>Reply Memorandum of Points and Authorities in Support of Hyundai L&C USA, LLC's Motion to Dismiss pursuant to Fed R. Civ. Proc. 12(b)(1), (6), or in the alternative, to Stay Proceedings Pending Resolution of Parallel State Court Proceedings<br><br>Hearing Date:    Thursday, June 25, 2026<br>Hearing Time:    10:00 a.m.<br>Courtroom:    8B<br>First Street U.S. Courthouse<br>8th Floor<br>Los Angeles, CA 90012<br><br>Judge: Hon. Maame Ewusi-Mensah Frimpong |

**TABLE OF CONTENTS**

Page(s)

I.    INTRODUCTION ..........................................................................................................5

II.   BRIEF REPLY TO TRAVELERS' STATEMENT OF FACTS ................................7

      A.    Hyundai....................................................................................................7

      B.    The Underlying Actions...........................................................................7

      C.    Pre-Filing Coverage Discussions ...........................................................9

      D.    The Georgia Action.................................................................................9

III.  ARGUMENT...............................................................................................................9

      A.    The FAC Does Not Confer "Mandatory" or "Independent" Federal Jurisdiction Because the Sixth Cause of Action for Recoupment Fails ...............................9

            1.    Travelers' Post-Filing Evidence of Payment to Hyundai is Irrelevant for Purposes of Hyundai's Rule 12(b)(1) Motion. ...................................10

            2.    Travelers Has Not Stated Facts Sufficient to Constitute its Sixth Cause of Action for Recoupment under Rule 12(b)(6)....................................11

            3.    The Related Cases Cited in Travelers' Opposition Demonstrate that Travelers Has No Viable Recoupment Claim...................................13

      B.    The Wilton/Brillhart Factors Weigh in Favor of Dismissal............................16

            1.    Retaining Jurisdiction Would Call for Unnecessary Determinations of State Law. ..................................................................................16

            2.    Complete Relief Can be Obtained in Georgia. ...................................17

            3.    Not Dismissing or Staying this Case Encourages Forum Shopping....18

      C.    Even If the Court Does Not Dismiss the FAC, A Stay is Warranted. .............20

IV.   CONCLUSION...........................................................................................................21

**TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009)..................................................................................................11

*Atain Specialty Ins. Co. v. E.H. Fortitude Inc.,*
2025 U.S. Dist. LEXIS 102300 (S.D. Ga. May 29, 2025)..........................................13

*Axis Surplus Ins. Co. v. Reinoso,*
208 Cal. App. 4th 181 (2012) ....................................................................................15

*Brillhart v. Excess Ins. Co. of Am.,*
316 U.S. 491 (1942)................................................................5, 9, 10, 16, 17, 20, 21

*Buss v. Superior Court,*
16 Cal. 4th 35 (1997) .................................................................................5, 11, 15, 16

*Cambria Co. LLC v. Phila. Indem. Ins. Co.,*
2026 U.S. Dist. LEXIS 57980 (C.D. Cal. Mar. 17, 2026) .....................................16, 19

*Carolina Cas. Ins. Co. v. Rpost Int'l Ltd.,*
2011 U.S. Dist. LEXIS 165207 (C.D. Cal. May 26, 2011) .........................................12

*Columbia Cas. Co. v. Abdou,*
2016 U.S. Dist. LEXIS 110900 (S.D. Cal. Aug. 18, 2016) ........................................12

*Colorado River Water Conservation Dist. v. United States,*
424 U.S. 800 (1976)...............................................................................................6, 21

*Cont'l Cas. Co. v. Winder Labs., LLC,*
73 F.4th 934 (11th Cir. 2023) ................................................................5, 12, 15, 16

*Coto Settlement v. Eisenberg,*
593 F.3d 1031 (9th Cir. 2010) ...................................................................................11

*Hanover Am. Ins. Co. v. Francini, Inc.,*
2026 U.S. Dist. LEXIS 84338 (C.D. Cal. Mar. 31, 2026)...........................5, 13, 18, 20

*Hanover Ins. Co. v. Western America Props., Inc.,*
2020 WL 2542610 (C.D. Cal. Jan. 13, 2020) .............................................................10

*In re Century Aluminum Co. Sec. Litig.,*
729 F.3d 1104 (9th Cir. 2013) ...................................................................................12

*Knievel v. ESPN,*
393 F.3d 1068 (9th Cir. 2005) ...................................................................................11

*Morongo Band of Mission Indians v. Cal. State Bd. of Equalization,*
858 F.2d 1376 (9th Cir. 1988) ...................................................................................10

*Pac. Shore Stones, LLC v. Allied Prop. & Cas. Co.,*
2026 U.S. Dist. LEXIS 86260 (C.D. Cal. Mar. 31, 2026).........5, 13, 14, 15, 16, 19, 20

*Prof'l Tax Appeal v. Kennedy-Wilson Holdings, Inc.,*
   29 Cal. App. 5th 230 (2018) ...................................................................................11

*R.R. St. & Co. v. Transp. Ins. Co.,*
   656 F.3d 966 (9th Cir. 2011) ..................................................................................21

*Regent Ins. Co. v. Cambria Enters.,*
   2026 U.S. Dist. LEXIS 247817 (C.D. Cal. Mar. 31, 2026) .......................................13

*Schneider v. Cal. Dep't of Corr.,*
   151 F.3d 1194 (9th Cir. 1998) ................................................................................11

*Scottsdale Ins. Co. v. MV Transp.,*
   36 Cal. 4th 643 (2005) ...........................................................................................11

*Snodgrass v. Provident Life & Accident Ins. Co.,*
   147 F.3d 1163 (9th Cir. 1998) ................................................................................21

*Sompo Am. Ins. Co. v. LX Hausys Am., Inc.,*
   2025 WL 4061607 (C.D. Cal. Dec. 22, 2025) .........................................................15

*Southern Trust Ins. Co. v. Cravey,*
   345 Ga. App. 697 (2018) ........................................................................................17

*St. Paul Fire & Marine Ins. v. S.F. City & Cty.,*
   2005 U.S. Dist. LEXIS 58675 (N.D. Cal. 2005) ...............................................11, 12

*Surface Warehouse, LP v. Charter Oak Fire Ins. Co.,*
   2026 U.S. Dist. LEXIS 85579 (C.D. Cal. Mar. 31, 2026) ...................................13, 20

*United Nat'l Ins. Co. v. R&D Latex Corp.,*
   242 F.3d 1102 (9th Cir. 2001) ...........................................................................10, 19

*Wilton v. Seven Falls Co.,*
   515 U.S. 277 (1995)..........................................................................5, 9, 10, 16, 17, 20, 21

*Zurich Am. Ins. Co. v. Heard,*
   321 Ga. App. 325 (2013) ........................................................................................17

**Statutes and Rules**

28 U.S.C. § 1292(b)..................................................................................................19

O.C.G.A. § 9-11-13(b).............................................................................................17

Federal Rule of Civil Procedure 12(b)(1) ...........................................5, 9, 10, 11, 16

Federal Rule of Civil Procedure 12(b)(6) ..................................................5, 9, 11, 16

Local Rule 11-6.1.....................................................................................................22

Local Rule 83-1.31...................................................................................................18

**Other Authorities**

Croskey et al., California Practice Guide: Insurance Litigation, Ch. 7B-J (Rutter Group Aug.
   2025) .................................................................................................................15, 16

TABLE OF AUTHORITIES
CASE NO. 2:26-CV-01582 MEMF (EX)

## I.    INTRODUCTION

Travelers attempts to avoid dismissal by bootstrapping a sixth cause of action for "recoupment" that was invented after the filing of this action and propped up with newly manufactured evidence submitted for the first time on Opposition. That gambit fails under both grounds advanced by this Motion (Rule 12(b)(1) and Rule 12(b)(6)). Generally, subject matter jurisdiction under Rule 12(b)(1) must exist at the time an action is commenced. Jurisdiction over Travelers' recoupment claims needed to exist at least by the time this Motion was filed on May 7, 2026; it did not. Under Rule 12(b)(6), the allegations of the First Amended Complaint ("FAC," Dkt No. 26) must be decided on its four corners. On those four corners, Travelers does not allege it has paid Hyundai a single dollar in defense costs. Travelers has not pled what both California and Georgia require to recoup defenses costs. *Buss v. Superior Court*, 16 Cal. 4th 35, 49 (1997); *Cont'l Cas. Co. v. Winder Labs., LLC*, 73 F.4th 934, 944–48 (11th Cir. 2023). Moreover, new allegations and post-filing evidence submitted through opposition declarations cannot cure pleading deficiencies raised in a Rule 12(b)(6) challenge.

The cases Travelers itself invokes only deepen the problem for its recoupment claim. Less than sixty days ago, Judge Almadani held—in the very cases Travelers identifies as related to this one—that insurers have a duty to defend defendants, such as Hyundai, under similar Silica and Pollution exclusions at issue in this case, based on the allegations of the representative *Quiroz* lawsuit. *E.g.*, *Hanover Am. Ins. Co. v. Francini, Inc.*, 2026 U.S. Dist. LEXIS 84338 (C.D. Cal. Mar. 31, 2026); *Pac. Shore Stones, LLC v. Allied Prop. & Cas. Co.*, 2026 U.S. Dist. LEXIS 86260 (C.D. Cal. Mar. 31, 2026). Those rulings confirm that the claims against Hyundai in the Underlying Actions[1] are at least potentially covered, which also forecloses Travelers' recoupment theory under California and Georgia law.

With the sixth cause of action set aside, the discretionary factors discussed in *Wilton v. Seven Falls Co.,* 515 U.S. 277 (1995) ("*Wilton*") and *Brillhart v. Excess Ins. Co. of Am.,* 316 U.S. 491 (1942) ("*Brillhart*") control. First, this case turns on state contract law. Second, the Georgia court can grant complete relief; Travelers may counterclaim in the Georgia Action[2]  for equitable contribution and

---

[1] The term "Underlying Actions," or "Underlying Action," in the singular, refers to those "Silica Lawsuits" referenced in the FAC.

[2] *Samsung Fire & Marine Insurance Co., Ltd. v. Hyundai L&C USA LLC*, Superior Court of Gwinnett County, Georgia, Civil Action No. 26-A-01274-4 (the "Georgia Action")

indemnity against the other insurers, just as it has done here. Third, the timeline shows forum shopping. Travelers filed this federal action the very day Hyundai's statutory demand under Georgia law expired, immediately sought to relate the case to a then-favorable ruling before Judge Almadani, declined to even attempt to plead a reimbursement claim until after meet-and-confer efforts exposed the deficiency of its initial complaint, and never purported to issue payment to Hyundai until after this Motion was on file. Georgia law forecloses each of these maneuvers: it bars an insurer from denying coverage while simultaneously seeking declaratory relief regarding the obligations it rejected, limits recoupment to circumstances where the right is conferred by policy language, and imposes statutory bad faith penalties—penalties that were and are accruing against Travelers and that Travelers plainly sought to outrun by racing to this Court.

Even if the Court finds that Travelers' sixth cause of action for recoupment is viable, *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976) ("*Colorado River*") abstention warrants a stay in the alternative to an outright dismissal.

Hyundai respectfully submits this case should remain a Georgia insurance dispute. Hyundai is a Delaware LLC headquartered in Norcross, Georgia. Travelers delivered the policies at issue to Hyundai in Georgia. A Georgia state court is already adjudicating coverage under the same policies, the same Silica and Pollution exclusions, and the same underlying lawsuits, now with Hyundai's counterclaims squarely placing Travelers' obligations before it. Dkt. No. 33-1. Travelers does not seriously contest any of this. Various plaintiffs have brought claims in over six states against Hyundai alleging injuries stemming from long-term exposure to silica, as well as a range of non-silica materials and other substances, and the use or handling of quartz surfaces and other types of solid surfaces. Koo Decl ISO Mtn., Dkt. No. 32-4, ¶ 5. An insured, such as Hyundai, as well as the plaintiffs in the underlying litigations, has an interest in receiving the benefit of consistent insurance coverage determinations, consistent with the expectations of the contracting parties (i.e., Hyundai and Travelers).

/ / /

/ / /

/ / /

/ / /

6

## II.   BRIEF REPLY TO TRAVELERS' STATEMENT OF FACTS

### A.   Hyundai

Regardless of what the claimants in the Underlying Actions allege regarding Hyundai's corporate citizenship, Travelers does not dispute that Hyundai maintains its principal place of business in Norcross, Georgia (Koo Decl ISO Mtn., Dkt. No. 32-4, ¶ 3 and Ex. 9 thereto, Dkt. No. 32-14), and that Travelers delivered the insurance policies at issue to Hyundai and an entity which it succeeded, Hanwha L&C USA, LLC, in Georgia (Ex. 2 to Koo Decl ISO Mtn., Dkt. No. 32-7, pp. 1-2).

### B.   The Underlying Actions

Travelers alleges that the action captioned *Cesar Manuel Gonzalez Quiroz v. American Marble & Onyx Company, Inc., et al*, County of Los Angeles, CA, Case No. 24STCV01477 ("*Quiroz*") (Kronenberg Decl. Ex. 1, Dkt. No. 39-2) is representative of the claims and allegations asserted in the Underlying Actions. Opp., Dkt. No. 39 at 8:12-16. In addition to those allegations identified by Travelers in Opposition, the Third Amended Complaint in *Quiroz* also alleges:

- "All stone products contain crystalline silica in varying concentrations from the lowest concentration of about 3-5% in marble to about 93-95% in traditional artificial stone." Ex. 1 to Kronenberg Decl. ISO Opp., Dkt. No. 39-2 ¶ 93 of *Quiroz* Third Amended Complaint) (emphasis added).

- Fabrication workers "are not only exposed to high concentrations of respirable crystalline silica, but are also exposed to other toxic substances in artificial stone, including metals used as pigments and polymeric resins as binders." *Id.* ¶ 96.

- "In addition to crystalline silica, pulmonary fibrosis (scarring of the lung tissue) is caused by many metals that are constituents of artificial stone, including aluminum, antimony, arsenic, chromium, cobalt, copper, iron, manganese, nickel, titanium, tungsten, and vanadium." *Id.* ¶ 97.

- "Fabricating artificial stone products also produces volatile organic compounds (VOCs), the predominant species being styrene, but also including phthalic anhydride, benzene, ethylbenzene, and toluene. Styrene and phthalic anhydride are respiratory irritants that cause various pulmonary effects including asthma,

7

bronchiolitis obliterans, decreased lung function as well as sclerosis and fibrosis." *Id.* ¶ 98.

- "Throughout the course of his work" as a stone cutter, Mr. Quiroz "worked with inherently hazardous stone products manufactured, imported, supplied, distributed, contracted, and/or brokered, by [Hyundai and other defendants]. [Mr. Quiroz] was thereby exposed to and inhaled stone dust containing silica and other toxins and carcinogens, as well as artificial stone dust containing respirable crystalline silica (including quartz and cristobalite), metals . . . and volatile organic compounds from polymeric resins and other binders (including phthalic anhydride, benzene, ethylbenzene, and toluene) emitted from these products)." *Id.* ¶ 111.

- "As a direct and proximate result of his exposure to silica, metals and other toxins within said stone products . . . [Mr. Quiroz] developed lung disease characterized by pulmonary nodules, silicosis, pulmonary fibrosis, progressive massive fibrosis, and other forms of lung damage, and therefore has a significantly increased risk of developing other silica-related diseases such as lung cancer, chronic kidney disease, and autoimmune disorders such as rheumatoid arthritis, systemic lupus erythematosus, and systemic sclerosis (scleroderma)." *Id.* ¶ 112.

- "At no time did [Mr. Quiroz] personally ascertain any ingredients or contaminants of the stone products to which he was exposed in the course of his work that caused his lung disease; [Mr. Quiroz] personally remains ignorant of the identity of those hazardous substances to which he was exposed at work that caused his lung disease." *Id.* ¶ 119.

- "As a result of [Mr. Quiroz's] exposure to each of Defendants' stone products, silica, metals and other toxins entered [Mr. Quiroz's] body and caused Plaintiff to suffer from specific illnesses, to wit, silicosis and related medical conditions, as set forth in more detail herein." *Id.* ¶ 1306.

- "Each of Defendants' stone products contained silica and toxic metals, that entered [Mr. Quiroz's] body and were substantial factors in causing, prolonging, and aggravating his silicosis and his related and consequential injuries." *Id.* ¶ 1307.

### C.    Pre-Filing Coverage Discussions

Travelers' revisionist account of the parties' coverage discussions prior to the filing of this action is inaccurate, unsupported by any admissible evidence, and irrelevant. Hyundai's disagreement with Travelers' ever evolving coverage positions and Hyundai's demand that Travelers reimburse Hyundai for its defense costs in full, did not, and could not, excuse Travelers from performing its contractual obligations. Travelers submits no evidence that Hyundai ever refused payment subject to a reservation of rights. Indeed, Travelers' own recent purported "payment" (O'Brien Decl. ISO Opp. Dkt. No. 39-1 at p. 2:17-18) confirms that nothing has ever prevented Travelers from assuming Hyundai's defense or reimbursing Hyundai for its defense costs, in whole or in part, subject to a reservation of rights. Travelers chose not to do so.

### D.    The Georgia Action

Two days before Travelers initiated this lawsuit, Samsung initiated the Georgia Action on February 11, 2026 seeking the same coverage determinations regarding its obligations to Hyundai that Travelers seeks through its FAC. Hyundai filed a Counterclaim against Travelers in the Georgia Action on May 7, 2026, prior to filing this Motion. RJN ISO Mtn., Dkt No. 32-2 at 4:16-28; Ex. 10 to RJN ISO Mtn., Dkt No. 32-15; Supplement to RJN ISO Motion, Dkt. No. 33-1.

## III.    ARGUMENT

### A.    <u>The FAC Does Not Confer "Mandatory" or "Independent" Federal Jurisdiction Because the Sixth Cause of Action for Recoupment Fails.</u>

As acknowledged by Hyundai's moving papers, authority exists in the Ninth Circuit for the proposition that if an independently viable claim for money damages or "reimbursement of defense costs" exists and is joined in the same action for declaratory relief, the trial court's discretionary determination whether to retain jurisdiction under *Wilton/Brillhart* no longer applies. Mtn., Dkt. No. 32-1 at 11:17-12:17 (citing authorities). However, Travelers has not demonstrated under 12(b)(1) or adequately pled under Rule 12(b)(6) that it possesses a viable claim for reimbursement of defense costs

9

such that an independent basis for subject matter jurisdiction exists. Therefore, *Wilton/Brillhart* still applies.

### 1.    Travelers' Post-Filing Evidence of Payment to Hyundai is Irrelevant for Purposes of Hyundai's Rule 12(b)(1) Motion.

"In determining federal court jurisdiction, we look to the original, rather than to the amended complaint. Subject matter jurisdiction must exist at the time the action is commenced." *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988). Where the court's jurisdiction was absent at the time of filing, the court's recourse is to dismiss. *Id.* at 1381. When the Court must assess the basis for discretionary jurisdiction, the Ninth Circuit has applied both "a time-of-filing rule" and a "time-the-issue was raised" or "time-of-motion" rule, depending on the circumstances. *United Nat'l Ins. Co. v. R&D Latex Corp.,* 242 F.3d 1102, 1111 (9th Cir. 2001).

Here, as a purely factual matter, it is undisputed that Travelers had not issued *any payment* to Hyundai for its past defense costs until well *after* the FAC was filed on April 23, 2026 and *after* this Motion was filed on May 7, 2026. Koo Decl. ISO Mtn., Dkt No. 32-4 at 2:20-21 ("In fact, as of [May 7, 2026], Travelers has not provided a defense to Hyundai in any of the underlying Silica Lawsuits and has not paid any defense costs to date."); O'Brien Decl. ISO Mtn., Dkt. No. 39-1 at 2:17-18 (referencing the issuance of a partial payment to Hyundai on May 21, 2026).

The Opposition does not advance any contrary authority or rebut the basic legal premise advanced by Hyundai's Motion: an insurer possesses no viable monetary claim for recoupment or reimbursement of legal expenses incurred *when it has not actually expended any sums in defense of its insured*. Tellingly, Travelers cites no authority in support of its proposition that i) Hyundai's demand for payment; and ii) Travelers' agreement to fund [a portion] of Hyundai's defense created a "recoupment dispute" and "immediate monetary controversy that could be litigated in federal court whether or not any declaratory claim had been filed." Opp., Dkt. No. 39 at 15:17-20. Travelers also cites no case where a court has found that an insurer stated a *monetary* claim for recovery of defense costs when it had not actually remitted any payment to its insured. Like *United Nat. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1113 (9th Cir. 2001)*, Hanover Ins. Co. v. Western America Props., Inc.* (cited by Opp., Dkt. No.

HYUNDAI'S REPLY IN SUPPORT OF MOTION TO DISMISS OR STAY
CASE NO. 2:26-CV-01582 MEMF (EX)

39 at 14:20-26) involved claims for reimbursement of monies already paid by an insurer. *Hanover Ins. Co. v. Western America Props., Inc.*, 2020 WL 2542610, at *2 (C.D. Cal. Jan. 13, 2020).

Furthermore, Travelers makes no effort to engage with the principles of restitution and unjust enrichment, which the California Supreme Court recognized is the legal basis for an insurer's claim of reimbursement under California law. *Buss v. Superior Court*, 16 Cal.4th 35, 50 (1997) ("Under the law of restitution, a right [of reimbursement] runs against the person who benefits from 'unjust enrichment' and in favor of the person who suffers loss thereby."). Unjust enrichment requires *actual receipt* of a benefit. Mtn., Doc No. 32-1 at 13:16-19 (citing *Prof'l Tax Appeal v. Kennedy-Wilson Holdings, Inc.*, 29 Cal. App. 5th 230, 238 (2018)) (emphasis added).

Because Travelers had not issued any payment to Hyundai for any defense costs incurred in the Underlying Action as of the filing of this Motion, Travelers' sixth cause of action for recoupment cannot serve as an independent basis for the Court's jurisdiction under Rule 12(b)(1).

### 2.    Travelers Has Not Stated Facts Sufficient to Constitute its Sixth Cause of Action for Recoupment under Rule 12(b)(6).

The trial court is tasked with determining whether a claim alleged for "reimbursement of defenses costs," is, in actuality, a "true reimbursement claim," or whether it seeks a determination of prospective liability. [3] *See St. Paul Fire & Marine Ins. v. S.F. City & Cty.*, No. C05-02575 MJJ, 2005 U.S. Dist. LEXIS 58675, at *9. New facts or allegations developed in an Opposition cannot be considered in deciding the factual sufficiency of a cause of action. *E.g., Schneider v. Cal. Dep't of Corr.*, 151 F.3d 1194, 1197, fn. 1 (9th Cir. 1998) ("The 'new' allegations contained in the [opposition motion], however, are irrelevant for Rule 12(b)(6) purposes."). The Court must look to the allegations of the FAC itself and facts judicially noticeable therefrom or incorporated by reference. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); *Knievel v. ESPN*, 393 F.3d 1068, 1076-77 (9th Cir. 2005). The FAC does not allege that it has paid *any* sums of money to Hyundai and resorts to ambiguous and equivocal pleading claiming that Plaintiffs "have

---

[3] While Travelers' styles its sixth cause of action as one for "recoupment" as opposed to "reimbursement," the phrases appear to be used interchangeably by courts. *See Buss v. Superior Court*, 16 Cal.4th 35, 39-40 (1997) (using the phrase "reimbursement") and *Scottsdale Insurance Co. v. MV Transportation*, 36 Cal.4th 643, 658 (2005) (using the phrase "recoup" in reference to *Buss*, 16 Cal.4th 35).

11

incurred or will incur" sums to Hyundai. Mtn., Dkt. No. 32-1 at 11:18-28. Specifically, the FAC does not allege facts creating a plausible inference that Travelers paid Hyundai for any defense costs incurred in the Underlying Actions as of the filing of the FAC. *Id.* (citing *Petzschke v. Century Aluminum Co. (In re Century Aluminum Co. Sec. Litig.)*, 729 F.3d 1104, 1108 (9th Cir. 2013)). Therefore, it fails to state facts sufficient to constitute Travelers' sixth cause of action for recoupment.

Instead, Travelers resorts to attacking the sound reasoning contained in *St. Paul Fire & Marine Insurance Co., supra,* 2005 U.S. Dist. LEXIS 58675 on non-substantive grounds and does not even address *Carolina Cas. Ins. Co. v. Rpost Int'l Ltd.*, No. CV 10-06095 DDP (SHx), 2011 U.S. Dist. LEXIS 165207, at \*6 (C.D. Cal. May 26, 2011) (cited by Mtn, Dkt. No. 32-1 at 12:13-14). The FAC alleges that "To the extent Plaintiffs incur sums with respect to uncovered claims, Plaintiffs reserve the right to recover such sums…" FAC, Dkt. No. 26 at 15:20-22 (¶ 53). In *Carolina Cas. Ins. Co.*, the Court found that comparable language indicated a reimbursement claim was "wholly dependent upon, and could not be sustained without, the declaratory claims." *Carolina Cas. Ins. Co.*, 2011 U.S. Dist. LEXIS 165207, at \*7 (referencing allegations "if it is determined pursuant to Plaintiff's first claim for declaratory relief herein that no potential coverage exists…Plaintiff is entitled to recover …attorneys fees and costs and other expenses incurred…") (cleaned up).

Given the foregoing, Travelers' Opposition resorts to a number of unavailing straw person arguments. Travelers cites to *Columbia Cas. Co. v. Abdou,* 2016 U.S. Dist. LEXIS 110900, at \*10 (S.D. Cal. Aug. 18, 2016) ("*Abdou*") for an argument Hyundai does not make. Opp., Dkt. No. 39 at 17:27-18:1. Hyundai does not contend the uncertainty of the precise amounts paid by Travelers is a basis to dismiss the FAC. Hyundai argues that the FAC fails to allege that Travelers has paid *any* amounts to Hyundai. In any event, the *Abdou* decision related to a motion to amend a judgment under Rule 59(e) and is unhelpful here. *Abdou,* 2016 U.S. Dist. LEXIS 110900, at \*10. Hyundai also does not argue that "recoupment is unavailable as a matter of law under Georgia law where an insurer is found to have no duty to defend." Opp., Dkt. No. 39 at 18:11-16. Rather, Georgia Law requires, at a minimum, that the right of recoupment must be expressly contained in the underlying policy. Mtn., Dkt. No. 32-1 at 14:1-6 (citing *Con'l Cas. Co. v. Winder Labs., LLC*, 73 F.4th 934, 944-948 (11th Cir. 2023) ("*Winder Labs*"). Citing *Winder Labs* as supporting authority, one Georgia district court identified a circumstance where,

based on the express language of an insurance contract, it found an insurer could seek to recover non-covered attorney's fees and costs previously expended. *Atain Specialty Ins. Co. v. E.H. Fortitude Inc.*, 2025 U.S. Dist. LEXIS 102300, at *11–12 (S.D. Ga. May 29, 2025) (cited by Opp., Dkt. No. 39 at 18:13-14). Here, Travelers does not plead any allegations, based on the language of the insurance policies at issue, that would entitle Travelers to recoupment or reimbursement of defense costs previously expended for the benefit of Hyundai under Georgia law.

Assuming the facts of the FAC to be true, Travelers has not plausibly alleged a monetary claim for relief that could confer jurisdiction to the Court independent of its declaratory relief claims.

### 3. The Related Cases Cited in Travelers' Opposition Demonstrate that Travelers Has No Viable Recoupment Claim.

As noted in Travelers' Opposition, on March 31, 2026, Judge Almadani issued several significant rulings bearing on the same coverage issues in this case. *See* Opp., Dkt. No. 39 at 10:6-11:12. Specifically, Judge Almadani found, at the pleading stage, in similar insurance coverage cases, involving the same underlying litigation and the same or similar insurance policy provisions as the instant dispute, that Travelers and other insurers had a duty to defend defendants that are similarly situated to Hyundai, based on the allegations of the "representative" *Quiroz* Action. *Hanover Am. Ins. Co. v. Francini, Inc.*, No. 2:23-cv-10047-MRA-MAA, 2026 U.S. Dist. LEXIS 84338, at *22, 28-29 (C.D. Cal. Mar. 31, 2026) ("*Francini*"); *Surface Warehouse, LP v. Charter Oak Fire Ins. Co.*, No. 2:25-cv-03895-MRA-MAA, 2026 U.S. Dist. LEXIS 85579, at *21-22, 31, 32 (C.D. Cal. Mar. 31, 2026) ("*Surface Warehouse*"); *Pac. Shore Stones, LLC v. Allied Prop. & Cas. Co.*, No. 2:25-cv-04370-MRA-MAA, 2026 U.S. Dist. LEXIS 86260, at *26, 31, 40-41 (C.D. Cal. Mar. 31, 2026) ("*Pacific Shores*"); *Regent Ins. Co. v. Cambria Enters.*, No. 2:25-cv-04142-MRA-MAA, 2026 LEXIS 247817, at *15, 40, 42-43 (C.D. Cal. Mar. 31, 2026) ("*Cambria*"). Because the claims asserted against defendants in the Underlying Actions (such as Hyundai) are potentially covered by the same policies at issue in this action, Travelers has no right to recoupment of expenses incurred in its defense of Hyundai.

In the Related Cases (*see* Dkt. No. 4) and *Pacific Shores* specifically, Judge Almadani analyzed similar insurance policy provisions to those alleged in the FAC against the allegations of the complaint in *Quiroz*, which the insurers in that action (including Travelers) conceded, as Travelers does here, is

representative of the underlying litigations *Compare Pac. Shore Stones, LLC v. Allied Prop. & Cas. Co.*, No. 2:25-cv-04370-MRA-MAA, 2026 U.S. Dist. LEXIS 86260, at *4-8, 17-40 (discussing allegations of *Quiroz* and applicable silica and pollution exclusions) (C.D. Cal. Mar. 31, 2026) to FAC, Dkt. No. 26 at 8:21-10:16 (referencing *Quiroz* and applicable silica and pollution exclusions)[4] and *Pacific Shore Stones, LLC v. Allied Prop. & Cas. Co.*, No. 2:25-cv-04370 (C.D. Cal. Apr. 24, 2026), Dkt. No. 64-1 (Third Amended Complaint in *Quiroz* Action) to Ex. 1 to Kronenberg Decl, Doc No. 39-2 at pp. 4-475 (same) and *Pacific Shore Stones, LLC v. Allied Prop. & Cas. Co.*, No. 2:25-cv-04370 (C.D. Cal. Apr. 24, 2026), Dkt. No. 67-2 at p. 62 (re: definition of pollutants) to FAC, Dkt. No. 26 at 10:6-9 (same).[5]

The Court found that there was no dispute that the plaintiffs in the underlying bodily injury lawsuits alleged "they were exposed to toxic substances that are neither silica nor silica-related dust (and thus covered under the Policies) and that those substances contributed to their injuries. The question remains, however, whether the Silica Exclusion bars coverage for those injuries where the Underlying Plaintiffs allege that silica and silica-related dust *also* contributed to those injuries." *Pac. Shore Stones, LLC v. Allied Prop. & Cas. Co.*, No. 2:25-cv-04370-MRA-MAA, 2026 U.S. Dist. LEXIS 86260, at *19.

The Court concluded it did <u>not</u>:

> Critically, each Underlying Plaintiff alleges that they "remain ignorant of the identity of those hazardous substances to which [they] were exposed at work that caused [their] lung disease." The Underlying Plaintiffs allege that various toxic substances (generally speaking, silica, metals, and VOCs) can independently cause the lung injuries they suffer from, including lung disease and/or pulmonary fibrosis. But among these different substances, any individual Underlying Plaintiff does not know which precise substance caused their precise injuries. Given these allegations in the Underlying Actions, it is possible that toxic substances *other* than silica or silica-related dust were the sole cause of the pulmonary fibrosis or lung disease suffered by the Underlying Plaintiffs. In other words, the Underlying Actions present the possibility that the Underlying Plaintiffs' injuries were not caused by

---

[4] The Silica Exclusion discussed in *Pacific Shores* describes bodily injury "arising out of <u>or in any way related to</u>…," whereas the silica exclusion alleged in the FAC does not contain the emphasized language. Additionally, the language of the Travelers' specific Silica exclusion discussed in *Pacific Shores* (i.e., "products…containing silica") is also not pled in the FAC (*see* FAC, Dkt. No. 26 at 8:20-9:5 and Ex. 3 to RJN ISO Mtn., Dkt No. 32-8 at p.5).

[5] The definition of "pollutants" contained in the policy submitted by Travelers in its motion for judgment on the pleadings in *Pacific Shores* contains additional language ("and any unhealthful or hazardous building materials (including, but not limited to asbestos and lead products or materials contained lead") that is not alleged in the FAC.

14

silica or silica-related dust at all—whether that possibility is remote or unlikely is irrelevant.

*Id.*, at *19-20 (cleaned up)

The Court further found:

 [I]nsofar as the Underlying Actions can be interpreted to allege that excluded and non-excluded causes *both* contributed to an Underlying Plaintiffs' injuries, such allegations would not eliminate the duty to defend, even under the broad language of the Silica Exclusion, pursuant to California's concurrent cause doctrine. Because where two substances—one excluded and the other covered—are each alleged to be a substantial factor in causing the underlying plaintiff's injuries, the broad 'arising out of' language in the exclusion cannot be applied to defeat coverage….The Court… concludes that the Insurers cannot avoid [their] duty to defend where an insured risk and excluded risk are alleged to constitute concurrent proximate causes of the underlying plaintiffs' bodily injuries.

*Id.* at *25 (cleaned up and quoting *Sompo Am. Ins. Co. v. LX Hausys America, Inc.*, No. CV 25-2832-JFW(MAAx), 2025 WL 4061607, at *4 (C.D. Cal. Dec. 22, 2025)).

Here, because the allegations contained in the representative *Quiroz* lawsuit intertwine both covered and potentially uncovered injuries, they are all "potentially covered" by the policies alleged in the FAC, and thus Travelers, as a matter of California law, has not stated a basis that would entitle it to recoupment of expenses incurred defending Hyundai in the Underlying Actions. *Pac. Shore Stones, LLC*, *supra*, 2026 U.S. Dist. LEXIS 86260, at *23; *see also* Croskey, et al., J. Defense Under Reservation of Rights, California Practice Guide: Insurance Litigation Ch. 7B-J, ¶ 7:757 (Rutter Group Aug. 2025) ("The insurer can recover only those costs *solely* allocable to claims not potentially covered under the policy. It has no right to be reimbursed for costs jointly allocable to claims that were actually or potentially covered under the policy because it would have had to expend such costs in any event.") (citing *Buss v Superior Ct.*, 16 Cal.4th 35, 53, 65 and *Axis Surplus Ins. Co. v. Reinoso*, 208 Cal.App.4th 181, 188 (2012)). The result is the same under Georgia law. *Cont'l Cas. Co. v. Winder Labs., LLC*, 73 F.4th 934, 949-950 (11th Cir. 2023) ("Under Georgia law…an insurer must provide a defense against any complaint that, if successful, might potentially or arguably fall within the policy's coverage…We think it clear that…the Supreme Court of Georgia would not allow an insurer to recoup its expenses without any contractual provision allowing for reimbursement.")

15

Even if it was ultimately determined by the trier of fact in an Underlying Action that an excluded cause under the policies solely contributed to Plaintiff's injuries, the duty to defend would be "extinguished only prospectively and not retroactively; before, the insurer had a duty to defend; after, it does not have a duty to defend further." *Buss, supra*, 16 Cal.4th at 46; *Pac. Shore Stones, LLC*, 2026 U.S. Dist. LEXIS 86260, at *41 (citing *Buss*); *see also Winder Labs., LLC*, 73 F.4th at 947.

While the foregoing decisions of Judge Almadani in the Related Cases were decided on motions for judgment on the pleading brought by the insurers, the FAC, as a matter of law, has not alleged facts to meet its "extremely difficult" burden of demonstrating the possibility of recouping defense costs based on the representative allegations of the *Quiroz* Action. *See* Croskey, et al., Defense Under Reservation of Rights, *supra*, ¶ 7:759.

In sum, Travelers has not overcome Hyundai's Rule 12(b)(1) or 12(b)(6) challenges through its addition of the sixth cause of action for recoupment to the FAC. As such, the Court should weigh the dismissal or staying of this action pursuant to the factors outlined in *Wilton* and *Brillhart*.

**B.     The *Wilton/Brillhart* Factors Weigh in Favor of Dismissal.**

**1.     Retaining Jurisdiction Would Call for Unnecessary Determinations of State Law.**

"[W]here another suit involving the same parties and presenting opportunity for ventilation of the same state law issues is pending in state court, a district court might be indulging in 'gratuitous interference,' if it permitted the federal declaratory action to proceed." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 283. Here, the question before the Court is not *which* state-law applies (*see* Opp. Dkt. No. 39 at 16:3-5 (citing *Cambria Co. LLC v. Phila. Indem. Ins. Co.*, 2026 U.S. Dist. LEXIS 57980 (C.D. Cal. Mar. 17, 2026)) or whether there are other similar lawsuits pending in the same federal court. Rather, the appropriate inquiry is whether the Court, by retaining jurisdiction over the case and deciding it on its merits will be rendering decisions on matters which have been appropriately raised at the state court level. *Wilton*, 515 U.S. at 283. Travelers' Opposition does not dispute that its claims trigger issues of state contract law, and that those matters are reserved for the states. Mtn., Dkt. No. 32-1 at 7:21-8:2 (citing authorities).) The first *Wilton/Brillhart* factor weighs in favor of dismissal.

/ / /

HYUNDAI'S REPLY IN SUPPORT OF MOTION TO DISMISS OR STAY
CASE NO. 2:26-CV-01582 MEMF (EX)

### 2.    Complete Relief Can be Obtained in Georgia.

Travelers argues that because several of the insurer defendants have not been named *yet* in the Georgia action, that the relief sought in this action cannot be suitably obtained in the Georgia Action. Travelers is mistaken factually and as to the appropriate legal analysis, which analyzes "the scope of the pending state court proceeding," "the nature of defenses open there," "whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding," "whether necessary parties have been joined," and "whether such parties are amenable to process in that proceeding." *Brillhart v. Excess Ins. Co. of Am.,* 316 U.S. 491, 495 (1942).

Here, the Georgia Action calls for adjudication of Travelers' defense and indemnity obligations to Hyundai in the Underlying Actions pursuant to the same policies and alleged exclusions in the instant action, as well as Defendant Samsung's defense and indemnity obligations to Hyundai in the Underlying Actions involving the same or similar policy language and exclusions. *Compare* Ex. 7 to RJN ISO Mtn., Dkt. No. 32-12, at pp. 3-20, ¶¶ 17-49 to FAC, Dkt. No. 26, at 5:19-11:21, ¶¶ 17-28. The only claims, issues, and defenses not presently at issue are Travelers' claims of equitable contribution and equitable indemnity against the co-defendant insurers. However, Travelers has the right to counterclaim against Defendants Samsung, Chubb Insurance Company, LM Insurance Corporation and Liberty Insurance Corporation in the Georgia Action and allege claims for equitable contribution and equitable indemnity. O.C.G.A § 9-11-13(b) (relating to permissive counterclaims); *Southern Trust Insurance Company v. Cravey,* 345 Ga. App. 697, 700 (2018) (describing the equitable right to contribution); *Zurich Am. Ins. Co. v. Heard*, 321 Ga. App. 325, 332 (2013) (discussing an insurer's equitable right to indemnity and contribution). No stranger to litigating across the country, Travelers has litigated numerous insurance cases in Georgia within the last five years. *See* RJN to Mtn. No. B, Ex. 8**,** Dkt. No. 32-13, at p. 4. Therefore, the second *Wilton/Brillhart* factor weighs in favor of dismissal or a stay of this case.

While Travelers repeatedly emphasizes that Hyundai's counterclaim against Travelers in the Georgia Action was not filed until after the FAC—despite that the Georgia Action was filed first by Samsung—in *Wilton*, the United States Supreme Court affirmed the stay of a federal action in favor of a later filed state court action. *Wilton*, 515 U.S. 277, 280, 282. Other courts have dismissed or stayed first-filed declaratory relief actions, including when the insurer is not even a party to the state court action

17

(which Travelers is here) or when the parallel state court proceeding has not even been filed yet (which it has been here). Mtn., Dkt. No. 32-1 at 8:11-25 (citing authorities).

The Superior Court of Gwinnett County in Georgia is a more than suitable forum for this dispute, and the same claims, issues, and defenses of the parties can be asserted therein. Defendant Samsung agrees, as evidenced by its motion to dismiss the FAC in favor of the Georgia Action. *See* Dkt No. 35.

### 3.    Not Dismissing or Staying this Case Encourages Forum Shopping.

While Travelers would have this Court believe that it filed this action in California purely as a matter of convenience and for purposes of judicial economy, numerous facts suggest the reality is different. As of February 13, 2026, the day Travelers filed this lawsuit and filed a notice of related cases, District Judge Almadani[6] had issued an opinion finding, as a matter of law, that various other insurers had no duty to defend defendants in the Underlying Actions pursuant to the same or similar Silica and Pollution exclusions alleged in the instant complaint. *See Hanover Am. Ins. Co. v. Francini, Inc.,* No. 2:23-cv-10047-MRA-MAA, 2025 U.S. Dist. LEXIS 70996, at *14 (C.D. Cal. Mar. 27, 2025) ("*Francini*") ("Thus, the Court finds that Plaintiffs do not have a duty to defend Defendant in the underlying state litigation. And because there is no duty defend, there is also no duty to indemnify."). It wasn't until March 31, 2026, nearly forty-five days after Travelers filed suit and after it served Hyundai that Judge Almadani reconsidered her position in *Francini* and found that the insurers, could not establish, as a matter of law, that they had no duty to defend the same underlying litigations (of which *Quiroz* is representative) based on the same or similar Silica and Pollution exclusions at issue in this case. *Hanover Am. Ins. Co. v. Francini, Inc.*, No. 2:23-cv-10047-MRA-MAA, 2026 U.S. Dist. LEXIS 84338, at *18 (C.D. Cal. Mar. 31, 2026).[7]

---

[6] Hyundai does not dispute that this case is related within the meaning of Local Rule 83-1.31 (b),(c) to the cases which are the subject of Travelers' notice of related cases (Dkt. No. 4), to the extent this case remains California. However, this case is also expected to present its own unique issues, including, among other things, a question of choice of law, disputed applicability of the pollution exclusions, and Travelers' attempt to unilaterally and improperly add a "Silica" exclusion to Hyundai's underlying policies. Additionally, as noted in the Declaration of Min Koo submitted in support of the Motion, not all of Hyundai's products contain silica. Dkt. No. 32-4, ¶ 4.

[7] Travelers has since moved for an order certifying Judge Almadani's ruling for interlocutory appeal and to stay the Related Cases pending appeal. Certain Insurers' Ntc. of Mot. for Certification of Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b), and Request for a Stay of Proceedings Pending Appeal at 1, *Pacific Shore Stones, LLC v. Allied Prop. & Cas. Co.*, No. 2:25-cv-04370 (C.D. Cal. Apr. 24, 2026), Dkt. No. 106.

The fact that Travelers filed this action in the Central District and attempted to relate it to Judge Almadani, after Judge Almadani had issued a favorable ruling indicates forum shopping. So too do the facts that Travelers filed this action after Samsung brought suit in Georgia state court first, and after Hyundai notified Travelers that statutory bad faith penalties were accumulating against Travelers under Georgia law (Ex. 5 to Koo Decl. ISO Mtn., Dkt. No. 32-10, pp. 3-4). Moreover, Travelers did not even attempt to allege a reimbursement claim until after meet and confer efforts with Hyundai regarding the initial complaint (Ex. 6 to Koo Decl ISO Mtn., Dkt. No. 32-11, pp. 1-2) or purport to issue payment to Hyundai for any fees and costs incurred in the Underlying Actions until *after* this Motion was filed (O'Brien Decl ISO Opp., Dkt. No. 39-1, at p. 2:17-18). *See United Nat'l Ins. Co. v. R&D Latex Corp.,* 242 F.3d 1102, 1114 (9th Cir. 2001) ("[A]rtful pleading implicates one of the factors affecting the propriety of discretionary jurisdiction…forum shopping.") (cleaned up).

Travelers' Opposition appears to acknowledge its desire to avoid a Georgia state court and the application of Georgia law. Travelers cites authority for the proposition that California law, not Georgia law, should apply to this dispute under California's choice of law principles. Opp., Dkt. No. 39 at 16:3-8 (citing *Cambria Co. LLC v. Phila. Indem. Ins. Co.*, 2026 U.S. Dist. LEXIS 57980 (C.D. Cal. Mar. 17, 2026)). This is not surprising as Georgia law, among other things, forecloses Travelers from denying coverage outright while simultaneously seeking declaratory relief regarding the obligations it previously rejected, limits Travelers' ability to recoup defense costs in the absence of express policy language, and imposes statutory penalties against Travelers associated with its bad faith conduct Georgia law. *See* Mot., Dkt. 32-1 at p. 10:7-21 (citing authorities).

Strangely, Travelers argues that the incorrect allegation of the plaintiffs in the Underlying Actions that Hyundai's principal place of business is in Cerritos, California suggests that Travelers is not forum shopping by filing suit in this Court. Opp., Dkt. No. 39 at 16:18-19. However, Travelers' own FAC acknowledges that Hyundai is a "foreign limited liability company," (Dkt. No. 26 at 5:3-4) and Travelers does not dispute, as a factual matter, that Hyundai maintains a principal place of business in Georgia and that Hyundai is incorporated in Delaware (Koo Decl. ISO Mtn., Dkt. No. 32-4 at ¶ 3 and Ex. 9, Dkt. No. 32-14). Of note, three of the four insured parties named in the cases referenced in Travelers' Notice of Related Cases (Dkt. No. 4) are incorporated in California, based in California, or

19

affirmatively brought suit in California. *See Hanover Am. Ins. Co. v. Francini, Inc.*, No. 2:23-cv-10047-MRA-MAA (C.D Cal.), Dkt. No. 1 at 2:24-3:2 (¶ 3 of Complaint); *Pac. Shore Stones, LLC v. Allied Prop. & Cas. Co.*, No. 2:25-cv-04370-MRA-MAA (C.D. Cal.), Dkt. No. 1-2 at 3:11-14, 4:21-24 (¶¶ 1, 6-7 of Complaint); *Surface Warehouse, LP v. Charter Oak Fire Ins. Co.*, No. 2:25-cv-03895-MRA-MAA (C.D. Cal), Dkt. No. 1-2 at 2:25-3:2. Hyundai is neither incorporated in California, nor based in California, and did not bring this action in California.

Travelers' conduct and its own legal arguments are consistent with a pattern of gamesmanship designed to avoid its responsibilities to a Georgia insured in a Georgia forum under Georgia law.

**C.      Even If the Court Does Not Dismiss the FAC, A Stay is Warranted.**

The Georgia Action is proceeding in parallel with the instant case, involving the same claims, issues, and defenses. As set forth above, to the extent Travelers wishes to bring claims against the co-defendant insurers in the Georgia Action for equitable contribution and equitable indemnity, it may do so. Permitting this action to proceed alongside the Georgia Action will create a substantial risk of piecemeal adjudication and conflicting interpretation of state insurance law, including the potential application of two different state's laws, by separate courts addressing the same coverage issues. Hyundai is a Georgia insured, the policies at issue were delivered to Hyundai in Georgia, and all of Travelers' claims turn on interpretation of insurance policies under state law, a matter typically reserved for the states. Mtn., Dkt No. 32-1 at p. 7:20-8:2 (citing authorities). In light of each of the *Wilton/Brillhart* factors, Travelers' core insurance coverage dispute with Hyundai "can better be settled in the proceeding pending in the state court." *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942) ("Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties. Gratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided.")

To the extent Travelers' belated evidentiary submissions in support of its Opposition persuade the Court that Travelers' sixth cause of action for recoupment of defense costs creates an independent basis for jurisdiction and that Travelers has adequately pled a claim for recoupment, the abstention framework set forth in *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976)

("*Colorado River*") appears to apply. *See Snodgrass v. Provident Life & Accident Ins. Co.*, 147 F.3d 1163, 1167 (9th Cir. 1998). Nevertheless, a stay remains appropriate. *See R.R. St. & Co. v. Transp. Ins. Co.*, 656 F.3d 966, 983 (9th Cir. 2011) (finding district court did not err by declining jurisdiction over a federal action involving both monetary and declaratory relief claims).

Under the *Colorado River* framework, district courts assess staying claims over which a federal court independently possesses jurisdiction based on: 1) which court first assumed jurisdiction over any property at stake; 2) the inconvenience of the federal forum; 3) the desire to avoid piecemeal litigation; 4) the order in which the forum obtained jurisdiction; 5) whether federal law or state law provides the rule of decision on the merits; 6) whether the state court can adequately protect the rights of the federal litigants; 7) the desire to avoid forum shopping; and 8) whether the state court proceeding will resolve all issues before the federal court. *R.R. St. & Co.*, 656 F.3d at 978-979.

For all the same reasons previously identified by Hyundai, a stay is appropriate under *Colorado River*. Indeed, "none of the factors that would preclude a *Colorado River* stay or dismissal—issues of federal law, inadequacy of the state forum, or a possibility that the state court proceeding will not resolve the dispute—are concerns in this case." *Id.* at 983.

Therefore, to the extent the Court does not dismiss this case in its entirety, Hyundai respectfully requests the Court stay this proceeding pending resolution of the Georgia Action.

**IV.   CONCLUSION**

As of the filing of this Motion, Travelers had not issued any payment to Hyundai that could serve as the basis for its sixth cause of action for recoupment. Even if it did, the FAC, on its face, does not state facts sufficient to constitute Travelers' sixth cause of action for recoupment of costs incurred in defense of an insured. Travelers' invocation of recent decisions issued by Judge Almadani affirms this point. Without Travelers' sixth cause of action, the practical factors outlined in *Wilton* and *Brillhart* weigh in favor of dismissal, or in the alternative, a stay of this action. Even under the *Colorado River* analysis, Hyundai respectfully submits that a stay of this action pending the resolution of the Georgia Action is warranted.

/ / /

/ / /

Respectfully submitted,

DATED: May 28, 2026                    TRAGISH LAW

                                       By: _/s/ Benjamin S. Tragish_

                                       Benjamin S. Tragish

                                       Attorney for Defendant, HYUNDAI L&C USA LLC


## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Hyundai L&C USA LLC, certifies that this brief contains 6,958 words which complies with the word limit of L.R. 11-6.1.

DATED: May 28, 2026                    TRAGISH LAW


                                       By: _/s/ Benjamin S. Tragish_

                                       Benjamin S. Tragish

                                       Attorney for Defendant, HYUNDAI L&C USA LLC