DAVID B. EZRA, ESQ. (SBN 149779)
dezra@bergerkahn.com
WALKER MACON, ESQ. (SBN 332850)
wmacon@bergerkahn.com
BERGER KAHN, A LAW CORPORATION
1 Spectrum Pointe Drive, Suite 340
Lake Forest, California 92630
Tel: (949) 614-0100 • Fax: (949) 771-1922

Attorneys for Defendant SAMSUNG FIRE & MARINE INSURANCE CO., LTD.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA; THE TRAVELERS INDEMNITY COMPANY OF AMERICA; and THE CHARTER OAK FIRE INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>HYUNDAI L&C USA, LLC; CHUBB INDEMNITY INSURANCE COMPANY; LM INSURANCE CORPORATION; LIBERTY MUTUAL INSURANCE CORPORATION; and SAMSUNG FIRE & MARINE INSURANCE CO., LTD.,<br><br>Defendants. | CASE NO. 2:26-cv-01582<br><br>Assigned To:<br>Hon. Maame Ewusi-Mensah Frimpong<br>Courtroom 8B<br><br>Referred To:<br>Magistrate Judge Charles F. Eick<br>Courtroom 750<br><br>**DEFENDANT SAMSUNG FIRE & MARINE INSURANCE CO., LTD.'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS**<br><br>Complaint Filed: 02/13/2026<br>FAC Filed: 04/23/2026<br>FAC Served: 04/23/2026 (By Mail)<br><br>Hearing Date: June 25, 2026<br>Time: 10:00 a.m.<br>Courtroom: 8B First Street U.S. Courthouse, 8th Floor, Los Angeles, CA 90012 |

BERGER KAHN
*A Law Corporation*

BERGER KAHN
*A Law Corporation*

## **MEMORANDUM OF POINTS AND AUTHORITIES**

**1.    INTRODUCTION**

Travelers Property Casualty Company of America, The Travelers Indemnity Company of America, and The Charter Oak Fire Insurance Company (collectively, "Travelers") still has not identified a dispute between Travelers and Samsung Fire & Marine Insurance Co., Ltd.'s ("Samsung") that is "ripe" for declaratory relief. Samsung's motion to dismiss should be granted under Rule 12(b)(6).

Travelers' speculative allegation that it "ha[s] or will incur sums for the defense of Hyundai in the Silica Lawsuits" does not describe a dispute between Travelers and Samsung.  First Am. Compl. ¶ 50, Dkt. 26.  This allegation merely advises the Court that Travelers believes it will incur defense costs in the Silicosis Lawsuits in the future.  If Travelers had already incurred defense costs, it would have expressly alleged that it has incurred defenses costs, and how much.  More importantly, this allegation says nothing about Samsung taking an adverse position to Travelers.  Apparently, when Travelers filed the first amended complaint, it was still debating internally whether to pay Hyundai's defense costs.  There is no such thing as a one-sided declaratory relief dispute.

Samsung's motion to dismiss under should also be granted Rule 12(b)(1) because Travelers has thrust Samsung and Hyundai L&C USA, LLC ("Hyundai") into a coverage dispute in this lawsuit -- one neither party asked for because they are already litigating coverage in Georgia.  Assuming arguendo that Travelers could state claims for declaratory relief against Samsung (and Hyundai's other insurers) under the fourth and fifth causes of action in its first amended complaint, the Court would have to litigate coverage under the Samsung policies first.  At a minimum, this lawsuit should be stayed until the Georgia action resolves the coverage dispute between Samsung and Hyundai.

**2.    TRAVELERS HAS NOT IDENTIFIED A JUSTICIABLE DISPUTE**

Travelers attempts to distinguish the fourth and fifth causes of action from equitable contribution and equitable indemnity "claims for monetary damages."  *See* Pls.'

REPLY IN SUPPORT OF MOTION TO DISMISS
CASE NO. 2:26-cv-02394-MWC-KES

Opp'n., at 16, Dkt. 41.  This argument underscores Travelers' inability to plead its claims against Samsung.

At their core, the fourth and fifth causes of action in Travelers first amended complaint are equitable contribution and equitable indemnity claims.  *See American Continental Cas. Co. v. American Cas. Co.*, 86 Cal. App. 4th 929, 936-37 (2001) ("Based on the factual allegations presented, the claim for declaratory relief could only result in a favorable outcome for ACIC if the claim for equitable contribution had merit. . . .") (emphasis in original).  Travelers cannot separate the substantive elements of equitable contribution and equitable indemnity claims from its "Declaratory Relief -- Equitable Contribution" and "Declaratory Relief -- Equitable Indemnity" causes of action.

Equitable indemnity and equitable contribution claims cannot exist without an allegation that Travelers has made payments that exceed its fair share.  *See, e.g., Scottsdale Ins. Co. v. Century Ins. Co.*, 182 Cal. App. 4th 1023, 1028 (2010) ("[A] party cannot obtain equitable contribution unless that party has paid more than its fair share.").  And to plead a declaratory relief cause of action, Travelers must allege facts demonstrating the existence of a "'substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'"  *City of Colton v. American Promotional Events, Inc.-West*, 614 F.3d 998, 1005 (9th Cir. 2010).  Therefore, the "Declaratory Relief -- Equitable Contribution" and "Declaratory Relief -- Equitable Indemnity" claims cannot exist unless Travelers alleges the essence of the dispute -- that it has paid more than its fair share.  Travelers has not alleged, and cannot allege, that it has paid more than its fair share here.

Instead, Travelers argues it can state claims for declaratory relief against Samsung because it has alleged "an actual controversy concerning the insurers' respective shares of [defense] costs, which is sufficient to support declaratory relief."  Pls.' Opp'n., at 17, Dkt. 41.  Travelers says it has alleged "an actual controversy" because it "has tendered defense of the Silica Lawsuits, costs are being incurred, and Samsung is already participating in defense under a reservation of rights."  *Id.*

REPLY IN SUPPORT OF MOTION TO DISMISS
CASE NO. 2:26-cv-02394-MWC-KES

BERGER KAHN
*A Law Corporation*

The fact that Travelers "has tendered defense" and Samsung previously agreed to defend the Silicosis Lawsuits subject to a reservation of rights does not mean there is a "present controversy over allocation." *Id.*  Travelers erroneously relies on "*Montrose Chemical Corp. v. Superior Court*, 6 Cal. 4th 287, 301 (1993) (recognizing insurer's right to immediate declaratory adjudication of coverage rights upon tender)" and "*State Farm General Ins. Co. v. Majorino*, 99 Cal. App. 4th 974, 977 (2002) (instructing that an insurer's right to file an 'action for declaratory relief *ar[i]se[s]* from the tender of defense and the terms of the insurance policy at issue') (emphasis in original)."  Pls.' Opp'n., at 17, Dkt. 41.

*Montrose Chemical Corp.* and *Majorino* involved coverage disputes between the insurer and the insured.  *See Montrose Chemical Corp.*, 6 Cal. 4th at 301 ("In order to avoid any possibility that a refusal to defend may subject it to eventual liability for bad faith, the insurer is well advised to seek a judicial determination that it owes no defense. This it may do . . . in [a] declaratory relief action."); *see also Majorino*, 99 Cal. App. 4th at 977-78 (explaining that because State Farm's declaratory relief lawsuit arose from the insured's request for a defense and indemnity, it was not "a SLAPP suit.").  Neither case involved an equitable contribution or equitable indemnity dispute between carriers, and neither case supports Travelers' argument that merely alleging two different carriers have agreed to participate in a common insured's defense suffices to establish a dispute ripe for declaratory relief.

At best, Travelers has alleged facts that would support a request for an advance ruling on a hypothetical, conceivable dispute that may (or may not) arise between Travelers and Samsung in the future, not a currently existing dispute ready for adjudication.  *See Calderon v. Ashmus*, 523 U.S. 740, 741 (1998) ("He would have obtained such a determination in a habeas action itself, but he seeks instead to have an advance ruling on the collateral issue.  The Declaratory Judgment Act cannot be used for this purpose.").

4

REPLY IN SUPPORT OF MOTION TO DISMISS
CASE NO. 2:26-cv-02394-MWC-KES

Put differently, Travelers wants the Court to issue an impermissible advisory opinion as to how a future equitable contribution or equitable indemnity lawsuit against Samsung should shake out *if*: (1) Travelers ends up paying more than it believes it should toward Hyundai's defense; *and if* (2) Samsung does not agree that Travelers paid more than its fair share. *See* First Am. Compl. ¶¶ 44, 47, Dkt. 26 ("To the extent that Plaintiffs are called upon to pay any sums for defense and indemnity costs incurred in respect of the Silica Lawsuits in excess of their equitable share . . . Plaintiffs would be entitled to reimbursement . . . ."). Parts one and two are both indispensable to the declaratory relief claims Travelers has tried to allege, and neither has been alleged.

Travelers argues "there is nothing hypothetical or abstract about [its] declaratory relief claims against [Samsung]," and that it is sufficient for Travelers to have alleged that it "'ha[s] incurred or will incur sums for the defense of Hyundai in the Silica Lawsuits.'" Pls.' Opp'n., at 16-17, Dkt. 41. The "dispute" is hypothetical and it is abstract. Alleging that it has incurred or will incur some unspecified amount in defense costs only gets Travelers halfway there, at best. Critically missing from the alleged "dispute" is the other side of the controversy -- Samsung. Travelers has not alleged it has paid more than Samsung. Travelers has not alleged that Samsung failed or refused to pay its fair share. And Travelers has not even alleged that Samsung has taken a position adverse to Travelers with respect to defense costs. The "dispute" Travelers is referring to is one that may exist in a hypothetical, future equitable contribution and indemnity lawsuit, not one that exists now. Travelers "may not file suit solely to determine who would prevail in a hypothetical suit . . . ." *Shell Gulf of Mexico Inc. v. Center for Biological Diversity, Inc.*, 771 F.3d 632, 634 (9th Cir. 2014).

Samsung's motion to dismiss should be granted under Rule 12(b)(6) because Travelers has not alleged the existence of an actual controversy between Samsung and Travelers. As Travelers describes the situation in its first amended complaint and opposition to Samsung's motion, it is equally possible that Samsung and Travelers never dispute defense costs for the Silicosis Lawsuits. The first amended complaint does not

BERGER KAHN
*A Law Corporation*

5

allege a dispute between Travelers and Samsung, and therefore, does not state a claim for declaratory relief.

**3.      TRAVELERS CANNOT FORCE SAMSUNG & HYUNDAI TO LITIGATE COVERAGE IN THIS LAWSUIT**

Travelers argues that this Court should retain jurisdiction despite the previously filed Georgia lawsuit because: (1) state law insurance issues do not favor abstention and resolving coverage in California "is prudent conduct, not forum shopping;" and (2) this lawsuit is not duplicative of the Georgia lawsuit.  Pls.' Opp'n., at 14-15, Dkt. 41.[1]

The issue cannot simply be boiled down to which state law should apply to govern the coverage dispute, as Travelers suggests.  The *Cambria Co. LLC v. Phila. Indem. Ins. Co.*, No. 2:24-cv-01913-MEMF-MBK, 2026 WL 776300 (C.D. Cal. Mar. 17, 2026) case does not appear to have involved a parallel state court action that was filed first.[2]  Here, Samsung requests dismissal (or alternatively, a stay of this case until the Georgia lawsuit is resolved) because Samsung and Hyundai have chosen to litigate their coverage dispute in Georgia.  Travelers is now trying to force Hyundai and Samsung to litigate the same coverage dispute a second time in this Court.  While Travelers may not yet be a party to the Georgia lawsuit (assuming it files a motion to dismiss Hyundai's third-party complaint or tries to use some other Georgia procedural device to avoid litigating coverage in Georgia), the lawsuits are duplicative.

Assuming arguendo that Travelers' can state claims for "Declaratory Relief -- Equitable Contribution" and "Declaratory Relief -- Equitable Indemnity" against Samsung, these claims cannot be litigated unless and until coverage under the Samsung policies is litigated first.  *See American Continental Cas. Co.*, 86 Cal. App. 4th at 938

---

[1] Travelers also argues that jurisdiction is mandatory because it amended its complaint to include a sixth cause of action for "Recoupment of Plaintiffs' Payments."  *See* Pls.' Opp'n., at 12, Dkt. 41.  Hyundai's reply in support of its own motion to dismiss addressed this argument at length.  *See* Dkt. 42, at 9-16.  In the interest of promoting judicial efficiency, this reply brief does not expand on the points raised in Hyundai's reply as it would be duplicative and unnecessary.

[2] This case was cited in Travelers' opposition using the Lexis citation -- *Cambria Co. LLC v. Phila. Indem. Ins. Co.*, 2026 U.S. Dist. LEXIS 57980 (C.D. Cal. Mar. 17, 2026).

BERGER KAHN
*A Law Corporation*

REPLY IN SUPPORT OF MOTION TO DISMISS
CASE NO. 2:26-cv-02394-MWC-KES

("[T]o determine if American Casualty can be held liable for equitable contribution, we must first determine if that coverage obligation ever arose or existed under the policy it issued to Chatfield."); *see also Safeco Ins. Co. of America v. Super. Ct.*, 140 Cal. App. 4th 874, 877 (2006) ("[I]n an action for equitable contribution by a settling insurer against a nonparticipating insurer, the settling insurer has met its burden of proof when it makes a prima facie showing of coverage under the nonparticipating insurer's policy . . . ."); *see also Axis Surplus Ins. Co. v. Glencoe Ins. Ltd.*, 204 Cal. App. 4th 1214, 1228 (2012) ("Of course, if one insurer never had an obligation to provide coverage, it would be extremely unfair to enforce a contribution action.").

This is not a situation where two insurers have acknowledged or admitted that coverage exists. Samsung is defending Hyundai under a reservation of rights and filed a declaratory relief action seeking a no coverage determination. And Travelers filed this lawsuit seeking a no coverage determination. To adjudicate an equitable contribution claim and/or equitable indemnity claim as between Travelers and Samsung, this Court would necessarily have to adjudicate coverage under the Samsung policies first. Samsung and Hyundai are already litigating coverage under the Samsung policies in Georgia. Just because Travelers is not a party in the Georgia lawsuit (at least not yet, as Travelers sees it) does not mean this lawsuit is not duplicative.

In any event, Samsung chose to file the declaratory relief lawsuit in Georgia -- the state in which the Samsung policies were issued. Travelers accuses Samsung of forum shopping because "Samsung filed the Georgia action approximately seven weeks after Judge Walter's decision in the Sompo Action denying an insurer's motion to dismiss based on the same silica exclusion language contained in Samsung's primary policies." Pls.' Opp'n., at 15, Dkt. 41. Samsung is not a party to the *Sompo Am. Ins. Co. v. LX Hausys Am., Inc.* lawsuit. Apparently, Travelers' decision to file this lawsuit in this Court included a review of trial court rulings on the policy exclusions at issue. Travelers cannot seriously take the position that it chose to file this lawsuit in the Central District of

BERGER KAHN
*A Law Corporation*

REPLY IN SUPPORT OF MOTION TO DISMISS
CASE NO. 2:26-cv-02394-MWC-KES

California because it is concerned that California has a greater interest than Georgia in the application of its laws to this coverage dispute.  Travelers is projecting.

**4.      CONCLUSION**

The first amended complaint does not allege a dispute ripe for declaratory relief as between Travelers and Samsung.  And Travelers' opposition to Samsung's motion to dismiss confirms that Travelers is not seeking adjudication of anything more than an advance ruling or an advisory opinion on a hypothetical, future dispute that may or may not manifest.  Samsung respectfully requests that the Court grant its motion to dismiss under Rule 12(b)(6).

Additionally, though Travelers may not yet be ready to consider itself a party to the Georgia lawsuit, at the very least as to Samsung, this lawsuit is still duplicative. Because Samsung has not admitted the existence of coverage and is defending Hyundai under a reservation of rights (with a declaratory relief action pending), even if Travelers could state claims for "Declaratory Relief -- Equitable Contribution" and "Declaratory Relief -- Equitable Indemnity" against Samsung, it would not be possible for such claims to be adjudicated without first litigating coverage under the Samsung policies.  Samsung respectfully requests that the Court grant its motion to dismiss under Rule 12(b)(1), or alternatively, stay this lawsuit until the Georgia lawsuit is resolved, so Samsung is not forced to litigate the same coverage dispute twice in two different venues.

DATED: June 2, 2026                    BERGER KAHN, A Law Corporation


By: ___/s/ *Walker Macon*_____
       DAVID B. EZRA, ESQ.
       WALKER MACON, ESQ.
       Attorneys for Defendant SAMSUNG
       FIRE & MARINE INSURANCE
       CO, LTD.

BERGER KAHN
*A Law Corporation*

REPLY IN SUPPORT OF MOTION TO DISMISS
CASE NO. 2:26-cv-02394-MWC-KES

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Samsung Fire & Marine Insurance Co., Ltd. certifies that this brief contains 2,493 words, which complies with the word limit of L.R. 11-6.1.

DATED: June 2, 2026

_/s/ Walker Macon_
WALKER MACON, ESQ.

BERGER KAHN
_A Law Corporation_

REPLY IN SUPPORT OF MOTION TO DISMISS
CASE NO. 2:26-cv-02394-MWC-KES