DAVID B. EZRA, ESQ. (SBN 149779)
dezra@bergerkahn.com
WALKER MACON, ESQ. (SBN 332850)
wmacon@bergerkahn.com
BERGER KAHN, A LAW CORPORATION
1 Spectrum Pointe Drive, Suite 340
Lake Forest, California 92630
Tel: (949) 614-0100 • Fax: (949) 771-1922

Attorneys for Defendant SAMSUNG FIRE & MARINE INSURANCE CO., LTD.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA; THE TRAVELERS INDEMNITY COMPANY OF AMERICA; and THE CHARTER OAK FIRE INSURANCE COMPANY, <br><br> Plaintiffs, <br><br> v. <br><br> HYUNDAI L&C USA, LLC; CHUBB INDEMNITY INSURANCE COMPANY; LM INSURANCE CORPORATION; LIBERTY MUTUAL INSURANCE CORPORATION; and SAMSUNG FIRE & MARINE INSURANCE CO., LTD., <br><br> Defendants. | CASE NO. 2:26-cv-01582-MEMF-E <br><br> Assigned To: <br> Hon. Maame Ewusi-Mensah Frimpong <br> Courtroom 8B <br><br> Referred To: <br> Hon. Mark C. Scarsi <br> Courtroom 7C <br><br> **DEFENDANT SAMSUNG FIRE & MARINE INSURANCE CO., LTD.'S SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO DISMISS *BRILLHART* ARGUMENT** <br><br> Complaint Filed: 02/13/2026 <br> FAC Filed: 04/23/2026 <br> FAC Served: 04/23/2026 (By Mail) <br><br> Motion Taken Under <br> Submission On: 06/17/2026 |

*BERGER KAHN*
*A Law Corporation*

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

## 1.    INTRODUCTION

Travelers Property Casualty Company of America, The Travelers Indemnity Company of America, and The Charter Oak Fire Insurance Company's (collectively, "Travelers") fourth and fifth causes of action against Samsung Fire & Marine Insurance Co., Ltd. ("Samsung") should, at a minimum, be stayed under *Brillhart v. Excess Ins. Co.*, 316 U.S. 491 (1942) because these claims require the adjudication of coverage under the Samsung insurance policies.  And with respect to coverage under the Samsung insurance policies, this lawsuit is still duplicative of the lawsuit Samsung filed in Georgia state court.

Hyundai L&C USA, LLC's ("Hyundai") recent decision to withdraw its motion to dismiss and dismiss its third-party complaint against Travelers in the petition for declaratory judgment against Samsung filed against Hyundai in the Superior Court of Gwinnett County, Georgia (case no. 26-A-01274-4) (the "Samsung Lawsuit") does not change the fact that Samsung and Hyundai are litigating coverage under the Samsung insurance policies in the Samsung Lawsuit.

Travelers' causes of action against Samsung are pleaded as "In the Alternative, Declaratory Relief -- Equitable Contribution" and "In the Alternative, Declaratory Relief -- Equitable Indemnity."  First Am. Compl., at 14, Dkt. No. 26.  These claims are pleaded as alternatives because coverage under the Travelers policies must first be adjudicated as between Travelers and Hyundai.  By the same token, before there can be any adjudication of Travelers' declaratory relief -- equitable contribution and declaratory relief -- equitable indemnity claims, coverage under the Samsung policies must first be adjudicated as between Samsung and Hyundai.  *See* Def. Samsung's Reply Brief, at 6-7, Dkt. No. 43.

Samsung's motion to dismiss and reply brief explain in detail why Travelers' claims against Samsung are premature, at best.  *See* Def. Samsung's Reply Brief, at 2-5, Dkt. No. 43.  Right now, this lawsuit is effectively between Hyundai and its insurance carriers, only.  Travelers has asserted declaratory relief claims against Hyundai, alleging

BERGER KAHN
*A Law Corporation*

2

that coverage does not exist under the Travelers policies for the Silicosis Lawsuits, as well as a recoupment of defense costs claim. And in trying to assert declaratory relief -- equitable contribution and declaratory relief -- equitable indemnity claims against the other insurers, including Samsung, Travelers has also turned this lawsuit into, first, a coverage dispute between Hyundai and its other insurers (including Samsung).

Because both lawsuits still involve the issue of resolving coverage under the Samsung insurance policies, *Brillhart* should favor, at a minimum, a stay of Travelers' fourth and fifth causes of action against Samsung.

**2.      DUPLICATION, ENTANGLEMENT BETWEEN COURTS, AND CONVENIENCE ARE THE PERTINENT *BRILLHART* FACTORS HERE**

Here, the most pertinent *Brillhart* factors are: (1) avoiding duplicative litigation; (2) avoiding entanglement between the federal and state court systems; and (3) convenience.

*Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495 (1942) held that when "a District Court is presented with a claim [for declaratory relief], it should ascertain whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court."

Decades later, the Supreme Court clarified in *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995) that district courts must have broad discretion to decline jurisdiction over declaratory relief actions when there is a parallel state court action. *Id.* at 286 ("Distinct features of the Declaratory Judgment Act . . . justify a standard vesting district courts with greater discretion in declaratory judgment actions than that permitted under the 'exceptional circumstances' test of *Colorado River* and *Moses H. Cone.*"). The Supreme Court reasoned that, "[i]n the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." *Id.* at 288.

BERGER KAHN
*A Law Corporation*

SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO DISMISS
CASE NO. 2:26-cv-01582-MEMF-E

*Brillhart* explains that the district court's determination "*may* entail inquiry into the scope of the pending state court proceeding and the nature of defenses open there," and "*may* [also entail inquiry into] whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc." *Id.* (emphasis added). And the Ninth Circuit has acknowledged that the *Brillhart* factors include "avoid[ing] needless determination of state law issues . . . discourag[ing] litigants from filing declaratory actions as a means of forum shopping; and . . . avoid[ing] duplicative litigation." *Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (1998).

However, in *Dizol*, the Ninth Circuit also acknowledged that the *Brillhart* list of factors is "not exhaustive." *Id.* at 1225 n.5. Other important considerations include "'whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a "res judicata" advantage; . . . whether the use of a declaratory action will result in entanglement between the federal and state court systems[;] . . . the convenience of the parties, and the availability and relative convenience of other remedies.'" *Id.*

In other words, a determination as to whether the district court should decline jurisdiction is not a black and white issue. For example, staying the federal court action may be appropriate "even when there are 'differences in factual and legal issues between the state and federal court proceedings' or when the insurer is not a party to the state court action." *Beazley Underwriting v. Fitness Int'l*, 538 F. Supp. 3d 969, 972 (C.D. Cal. 2021) (quoting *Polido v. State Farm Mut. Auto. Ins. Co.*, 110 F.3d 1418, 1423 (9th Cir. 1997), *overruled on other grounds by Dizol*, 133 F.3d at 1220).

Travelers has already taken the position that dismissing its claims against Samsung "would fragment, rather than streamline, the litigation and needlessly delay resolution

BERGER KAHN
*A Law Corporation*

of the dispute" because this lawsuit "is the only one that places before a single court Hyundai and all insurers whose defense and indemnity obligations, as well as their allocation responsibilities among one another, can be adjudicated together. Dismissing this case." Pls.' Opp'n., at 7, Dkt. 41. Presumably, with Hyundai's motion to dismiss now withdrawn and its third-party complaint against Travelers in the Samsung Lawsuit now dismissed, Travelers will emphasize this point on reply.

However, the parties to a parallel state action need not be identical for a district court to decline jurisdiction or at least stay the federal action pending resolution of the overlapping state court action. *See Golden Eagle Ins. Co. v. Travelers Cos.*, 103 F.3d 750, 754 (1996) ("Golden Eagle contends the underlying state action is not 'parallel' because Charter Oak is not a party to the state action, and the issues are not the same. In *Karussos* we concluded that neither of these circumstances warrants the exercise of federal jurisdiction. It is enough that the state proceedings arise from the same factual circumstances.") (citations omitted) (*overruled on other grounds by Dizol*, 133 F.3d at 1223-24).

It is true that Travelers is no longer a party to the Samsung Lawsuit. And it is true that the Samsung Lawsuit does not involve an equitable contribution or equitable indemnity dispute as between Samsung and Travelers. However, this lawsuit is still duplicative of the Samsung Lawsuit. Allowing this lawsuit to proceed, at least as against Samsung, would entangle the federal and state court systems. And forcing Samsung to litigate coverage under its policies in Georgia state court and this Court simultaneously would inconvenience Samsung and Hyundai. These factors should be given priority here to promote "practicality and wise judicial administration." *Wilton*, 515 U.S. at 288.

3.    **THE PERTINENT *BRILLHART* FACTORS HERE FAVOR, AT THE VERY LEAST, A STAY OF TRAVELERS' CLAIMS AGAINST SAMSUNG**

Samsung's motion to dismiss and reply brief both explain that Travelers' claims against Samsung in this lawsuit have forced Samsung and Hyundai into litigating coverage under the Samsung insurance policies in this lawsuit. *See* Def. Samsung's

BERGER KAHN
*A Law Corporation*

5

Reply Brief, at 6-7, Dkt. No. 43. That point is worth repeating now that Hyundai has withdrawn its motion to dismiss and dropped its third-party complaint against Travelers in the Samsung lawsuit because neither change in Hyundai's position changes the fact that Samsung is currently being asked to litigate the same coverage issue in two different lawsuits.

If the Court does find that there is justiciable equitable indemnity and equitable contribution dispute as between Travelers and Samsung, that dispute cannot be litigated unless and until the coverage dispute between Samsung and Hyundai is resolved. *See, e.g., United Pac. Ins. Co. v. Hanover Ins. Co.*, 217 Cal. App. 3d 925, 936 (1990) ("Similarly, both contribution and indemnity, in their various guises, require the party seeking relief to demonstrate payment of more than that party's share of a common debt or other obligation. More specifically, to obtain contribution, one insurer must allege and prove that a second insurer covered the injury.") (citations omitted).

Regardless of whether Travelers intended to put coverage under the Samsung policies at issue in this lawsuit, at a minimum, this lawsuit is duplicative of the Samsung Lawsuit on that issue.

Similarly, allowing this lawsuit to continue against Samsung risks entanglement of federal and state court systems. The "entanglement" *Brillhart* factor has been interpreted as meaning there would be a meaningful risk of inconsistent, incompatible, or conflicting rulings. *See, e.g., Avila v. Chiquita Fresh N. Am., LLC,* 569 F. Appx' 532, 533 (9th Cir. 2014) ("Moreover, 'adjudication of Plaintiff's declaratory action could result in duplicative litigation and lead to inconsistent rulings by this Court and the Mexican court.'"); *T-Mobile W. Corp. v. Site Mgmt. Solutions*, 2011 U.S. Dist. LEXIS 168509, *18 (C.D. Cal. May 4, 2011) ("While the mere pendency of parallel proceedings does not constitute entanglement, here there is a real possibility that the state and federal courts may reach different and conflicting results.") (citations omitted).

If this lawsuit continues simultaneously with the Samsung Lawsuit, at least as to Travelers' claims against Samsung, there is a very real possibility that the Georgia state

SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO DISMISS
CASE NO. 2:26-cv-01582-MEMF-E

BERGER KAHN
*A Law Corporation*

court and this Court reach different conclusions on the issue of coverage under the Samsung policies. At that point, Travelers and Samsung could be left trying to resolve Travelers' claims against Samsung with less clarity, or, worse yet, with the added issue of trying to determine which court's coverage ruling should control the equitable indemnity and equitable contribution claims.

Forcing Samsung to litigate coverage under the policies it issued to Hyundai in this lawsuit and the Samsung Lawsuit would also significantly inconvenience not only Samsung, but Hyundai, as well. The Samsung Lawsuit is pending across the country in Georgia state court. Both Samsung and Hyundai necessarily have separate counsel in the Samsung Lawsuit and this lawsuit. Hyundai has apparently decided that it is willing to litigate coverage against Travelers in this lawsuit with California counsel while it simultaneously litigates coverage against Samsung in the Samsung Lawsuit with Georgia counsel.

As Samsung understands it, Hyundai decided to withdraw its motion to dismiss because Travelers issued payment for defense costs in the Silicosis Lawsuits. *See* Stip. to Withdraw Def. Hyundai's Mot. To Dismiss, at 2, Dkt. No. 51. That is Hyundai's prerogative. However, Hyundai's decision to withdraw its motion and dismiss its third-party complaint against Travelers in the Samsung Lawsuit should not also serve to make that decision for Samsung.

Hyundai agrees that Georgia law, not California law, should govern the coverage disputes arising from the Silicosis Lawsuits. *See* Def. Hyundai's Mot. To Dismiss, at 9, Dkt. No. 32. Hyundai may now be willing to litigate coverage against Travelers under California law; however, Hyundai has not taken the position that California law should govern its coverage dispute with Samsung. Travelers is not a party to the insurance contracts between Samsung and Hyundai, and therefore, does not get to decide where that coverage dispute between Samsung and Hyundai is litigated. If Travelers is endeavoring to control the forum in which Samsung and Hyundai litigate coverage under the Samsung policies, the anti-forum shopping *Brillhart* factor would be satisfied.

7

BERGER KAHN
*A Law Corporation*

**4.      CONCLUSION**

At a minimum, Travelers claims against Samsung should be stayed until the Samsung Lawsuit is resolved.  Although Hyundai has decided to withdraw its motion to dismiss and dismiss its third-party complaint against Travelers in the Samsung Lawsuit, Travelers' claims against Samsung inherently overlap with the issues in the Samsung Lawsuit such that litigating those claims in this lawsuit would be duplicative and create a substantial risk of inconsistent or conflicting rulings.  Two different or incompatible coverage rulings -- one in the Samsung Lawsuit and one in this lawsuit -- would not help adjudicate Travelers' claims against Samsung in this lawsuit, it would make them even more difficult to resolve.

Although Hyundai has dismissed its third-party complaint against Travelers in the Samsung Lawsuit, *Brillhart* and its progeny warrant, at the very least, a stay of Travelers' claims against Samsung here -- at least until the Samsung-Hyundai coverage dispute can be resolved.  However, for the reasons set forth in Samsung's motion to dismiss and reply, without adding to or repeating any of the arguments made in those moving papers, Samsung respectfully reiterates its request that the Court dismiss Travelers' fourth and fifth causes of action as against Samsung.

DATED: July 14, 2026                    BERGER KAHN, A Law Corporation


By: _____ /s/ *Walker Macon* _____
        DAVID B. EZRA, ESQ.
        WALKER MACON, ESQ.
        Attorneys for Defendant SAMSUNG
        FIRE & MARINE INSURANCE
        CO, LTD.

SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO DISMISS
CASE NO. 2:26-cv-01582-MEMF-E

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned, counsel of record for Samsung Fire & Marine Insurance Co., Ltd. certifies that this brief contains 2,204 words, which complies with the word limit of L.R. 11-6.1.

DATED: July 14, 2026                    _____/s/ *Walker Macon*_____
                                                      WALKER MACON, ESQ.

BERGER KAHN
*A Law Corporation*

9