Benjamin S. Tragish, CSB #292188
**TRAGISH LAW**
2625 Townsgate Road, Ste. 330
Westlake Village, CA 91361
Telephone: (805) 267-1150
E-Mail: ben@tragishlaw.com

Attorney for Defendant, Counterclaimant, and Cross-Claimant, HYUNDAI L&C USA LLC, erroneously sued as HYUNDAI L&C USA, LLC

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA; THE TRAVELERS INDEMNITY COMPANY OF AMERICA; and THE CHARTER OAK FIRE INSURANCE COMPANY

Plaintiffs,

v.

HYUNDAI L&C USA, LLC; FEDERAL INSURANCE COMPANY; ACE AMERICAN INSURANCE COMPANY; ACE PROPERTY & CASUALTY INSURANCE COMPANY; LM INSURANCE CORPORATION; LIBERTY INSURANCE CORPORATION; and SAMSUNG FIRE & MARINE INSURANCE CO., LTD**,**

Defendants.

---

HYUNDAI L&C USA LLC, erroneously sued as Hyundai L&C USA, LLC

Counterclaimant

v.

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA; THE TRAVELERS INDEMNITY COMPANY OF AMERICA; and THE CHARTER OAK FIRE INSURANCE

Case No: 2:26-cv-01582 MEMF (Ex)

**HYUNDAI L&C USA LLC'S OPPOSITION TO JOINT MOTION TO DISMISS OR STAY PENDING RESOLUTION OF THE PARALLEL STATE COURT ACTION**

Date: November 5, 2026
Time: 10:00 a.m.
Ctrm.: 8B

COMPANY

Counterclaim Defendants

---

HYUNDAI L&C USA LLC, erroneously sued as Hyundai L&C USA, LLC

Cross-claimant,

v.

ACE PROPERTY AND CASUALTY INSURANCE COMPANY, erroneously sued as Chubb Indemnity Insurance Company; ACE AMERICAN INSURANCE COMPANY, FEDERAL INSURANCE COMPANY, erroneously sued as Chubb Indemnity Insurance Company; LM INSURANCE CORPORATION; LIBERTY INSURANCE CORPORATION; and SAMSUNG FIRE & MARINE INSURANCE CO., LTD

Cross-claim Defendants

Defendant, Counterclaimant, and Cross-Claimant, Hyundai L&C USA LLC, erroneously sued as Hyundai L&C USA, LLC ("HLC") respectfully submits this memorandum of points and authorities in support of its Opposition to Defendants and Cross-Defendants Federal Insurance Company, ACE American Insurance Company, and ACE Property and Casualty Insurance Company (together, "Chubb"), and LM Insurance Corporation and Liberty Insurance Corporation (together, "Liberty," and collectively with Chubb, the "Movants")'s Joint Motion to Dismiss or Stay.

# TABLE OF CONTENTS

Page(s)

I. INTRODUCTION ....................7

II. STATEMENT OF FACTS ....................8

A. Case Background ....................8

B. HLC is Sued by Two of its Insurers in Two Different Jurisdictions Two Days Apart. ....................8

C. HLC Responds to the Georgia State Action and This Action Simultaneously..9

D. Chubb and Liberty Remain on the Sidelines Until Travelers and HLC Resolve to Proceed in California. ....................9

E. The Court Denies Samsung's Motion to Stay or Dismiss this Action; Further Motions to Stay Follow. ....................11

F. The Georgia State Action Remains in its Infancy. ....................12

III. THE COLORADO RIVER DOCTRINE IS AN EXCEPTIONAL REMEDY APPLIED IN RARE CIRCUMSTANCES. ....................12

IV. THIS CASE DOES NOT PRESENT RARE CIRCUMSTANCES WARRANTING A STAY OR DISMISSAL UNDER THE COLORADO RIVER DOCTRINE. ............13

A. The Lack of Sufficient Parallelism Bars Abstention (Factor 8). ....................13

B. Jurisdiction over Property (Factor 1) Does Not Favor Abstention. ................15

C. The Convenience of the Respective Forums (Factor 2) Does Not Favor Abstention. ....................15

D. Piecemeal Litigation Considerations Do Not Favor Abstention (Factor 3).....17

E. The Order in Which the Forums Assumed Jurisdiction Does Not Favor Abstention (Factor 4). ....................18

F. The Law of the Decision Does Not Favor Abstention (Factor 5). ...................18

G. The Adequacy of the Georgia Court Forum Does Not Weigh in Favor of Abstention. (Factor 6). ....................20

H. The Desire to Avoid Forum Shopping Favors the Exercise of Jurisdiction (Factor 7). ....................20

V. MOVANTS' REQUEST FOR A PARTIAL STAY IS NOT WARRANTED. ..........22

VI. CONCLUSION....................23

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*,
843 F.2d 1253 (9th Cir. 1988) ....16, 20, 21

*Brillhart v. Excess Ins. Co.*,
316 U.S. 491 (1942)....9, 11, 17, 21

*Colo. River Water Conservation Dist. v. United States*,
424 U.S. 800 (1976)....7-17, 19-23

*Ernest Bock, LLC v. Steelman*,
76 F.4th 827 (9th Cir. 2023) ....7, 13, 14, 15

*Fisk Elec. Co. v. Obayashi Corp.*,
823 F. App'x 507 (9th Cir. 2020) ....20

*Gatsinaris v. ART Corp. Sols., Inc.*,
2015 U.S. Dist. LEXIS 90086 (C.D. Cal. July 10, 2015)....16, 17

*Gulf Oil Corp. v. Gilbert*,
330 U.S. 501 (1947)....16

*Hanover Ins. Co. v. Poway Acad. of Hair Design, Inc.*,
174 F. Supp. 3d 1231 (S.D. Cal. 2016)....20

*Intel Corp. v. Adv. Micro Devices, Inc.*,
12 F.3d 908 (9th Cir. 1993) ....13

*Matthews v. Lemonade Ins. Co.*
809 F. Supp. 3d 1076, 1087-89 (S.D. Cal. 2025) ....14

*Mendocino Ry. v. Ainsworth*,
113 F.4th 1181 (9th Cir. 2024) ....14, 15, 17, 21, 22

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
460 U.S. 1 (1983)....14, 18

*Nakash v. Marciano*,
882 F.2d 1411 (9th Cir. 1989) ....20, 21, 22

*R.R. St. & Co. v. Transp. Ins. Co.*,
656 F.3d 966 (9th Cir. 2011) ....12, 20

*Seneca Ins. Co. v. Strange Land, Inc.*,
862 F.3d 835 (9th Cir. 2017) ....7, 12, 13, 17, 19, 20, 21, 22

*Starr Indem. & Liab. Co. v. Avenatti*,
2019 U.S. Dist. LEXIS 230988 (C.D. Cal. Dec. 30, 2019) ....14

*Travelers Indem. Co. v. Madonna*,
914 F.2d 1364 (9th Cir. 1990) ....................13, 15, 17, 18, 20, 21

*Travelers Prop. Cas. Co. of Am. v. Moore*,
763 F.3d 1265 (11th Cir. 2014) ....................19

*United States v. State Water Res. Control Bd.*,
988 F.3d 1194 (9th Cir. 2021) ....................22, 23

*Wilton v. Seven Falls Co.*,
515 U.S. 277 (1995)....................9, 11, 12, 21

**Statutes and Rules**

28 U.S.C. § 1292(b) ....................10

28 U.S.C. § 2201....................12

O.C.G.A. § 9-11-13(a) ....................21

Fed. R. Civ. P. 13(a) ....................21

L.R. 11-6.1 ....................24

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

The *Colorado River*[1] doctrine permits a federal court to surrender jurisdiction to a state court only under "exceptional circumstances" with the "clearest of justifications," with any doubts resolved against a stay, not in favor of one. *Seneca Ins. Co. v. Strange Land, Inc.* (9th Cir. 2017) 862 F.3d 835, 842. Here, in an insurance coverage case arising out of underlying bodily injury lawsuits overwhelmingly concentrated in California and which are substantially similar to numerous other lawsuits pending in this District, the conditions for a *Colorado River* stay do not exist.

First, the Georgia State Action[2] is not sufficiently parallel to this proceeding. As this Court found when it denied Samsung Fire & Marine Ins. Co. Ltd's ("Samsung") Motion to Stay or Dismiss, the two actions are not duplicative, and the Georgia Court cannot definitively and completely resolve the claims at issue in this Action. That determination is itself dispositive of the *Colorado River* analysis. *E.g., Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 838 (9th Cir. 2023).

Second, none of the remaining factors favor abstention. The federal forum is not inconvenient, and this case presents an insurance coverage dispute presenting routine issues of contract interpretation. Because this case and the Georgia State Action were filed a mere two days apart and greater progress has been made in this Action, the order of jurisdiction factor does not favor a stay. And there is no credible evidence of forum shopping by HLC—an entity that was involuntarily sued in two forums near-simultaneously. If anything, Movants are engaging in forum shopping.

The fact that after a change of circumstances (discussed *infra*), HLC reconsidered and voluntarily withdrew, with Plaintiffs' consent, its prior Motion to Stay or Dismiss Plaintiffs' First Amended Complaint does not rise to the level of "extraordinary circumstances" justifying this Court surrendering jurisdiction to the Georgia State Court.

Weighing all the factors, with the scales presumptively tilted <u>against a stay</u>, Movants' Motion should be denied.

---

[1] *Colo. River Water Conservation v. United States,* 424 U.S. 800, 818 (1976) ("*Colorado River*")

[2] *Samsung Fire & Marine Ins. Co. Ltd. v. Hyundai L&C USA LLC,* Superior Court of Gwinnett County, State of Georgia, Civil Action No. 26-A01274-4 (Doc No. 32-12.)

## II. STATEMENT OF FACTS

### A. Case Background

HLC is a distributor of countertop and solid surface products and a successor to Hanwha L&C USA LLC ("Hanwha"). (Doc No. 55 at 28:27, 29:12-13.) HLC is incorporated in the State of Delaware, with its principal place of business in Norcross, Georgia. (*Id.* at 29:1-13.) HLC is currently named as a defendant by third parties in lawsuits alleging bodily injury from exposure to dust, particles, toxins, silica, silica-related dust, metals, volatile organic compounds, and/or other substances associated with the handling of countertop and surface products distributed by HLC and/or Hanwha. (*Id.* at 33:6-26 (the "Bodily Injury Lawsuits"), Ex. A, Doc No 55-1.)

The number of Bodily Injury Lawsuits identified since this litigation began has increased from 176 to 313 as of July 20, 2026. (Doc No. 1, 55-1.) 304 of the Bodily Injury Lawsuits (approximately 97%) are pending in state courts in California, with the overwhelming majority of the lawsuits pending within the territorial jurisdiction of this Court. (*Id*; Doc. No. 55 at 33:14-16.)

HLC is insured against the claims alleged in the Bodily Injury Lawsuits by four separate groups of insurers: 1) Travelers[3]; 2) Chubb; 3) Liberty; and 4) Samsung. (Doc No. 55 at p. 17:3-18:19, 30:12-31:14.)

### B. HLC is Sued by Two of its Insurers in Two Different Jurisdictions Two Days Apart.

Samsung filed a declaratory judgment action against HLC on February 11, 2026 in Gwinnett County Superior Court, in the State of Georgia (the "Georgia State Petition"). (Doc No. 32-12.) The Georgia State Petition names only Hyundai. (*Id.*) It seeks declarations concerning four policies Samsung issued for the period June 15, 2013 through June 15, 2015. (*Id.*) Samsung did not join Travelers, Chubb, or Liberty, and asserted no claim for contribution or allocation against any of them. (*Id.*)

Travelers filed this action on February 13, 2026, naming HLC, Samsung, Chubb, and Liberty. (Doc No. 1.) Travelers served Chubb Indemnity Insurance Company and Liberty Mutual Insurance Company on March 3, 2026. (Doc. No. 15.) The Chubb carrier group appeared and began obtaining extensions on March 23, 2026. (Doc. No. 20.) After Travelers amended its Complaint (the "FAC") on April 23, 2026 (Doc No. 26) to substitute the correct Liberty entities, LM Insurance Corporation and Liberty Insurance Corporation,

[3] Plaintiffs and Counterclaim Defendants Travelers Property Casualty Company of America, The Travelers Indemnity Company of America, and The Charter Oak Fire Insurance Company (collectively, "Travelers").

the Liberty entities waived service on May 19, 2026. (Doc. No. 37.) Thereafter, Chubb and Liberty obtained further extensions to respond to the FAC, as set forth below. (Doc No. 38, 49, 52.)

**C. HLC Responds to the Georgia State Action and This Action Simultaneously.**

On May 7, 2026, HLC filed a Motion to Dismiss, or in the alternative, to Stay this Action pursuant to the factors outlined in *Wilton v. Seven Falls Co*., 515 U.S. 277, 286–290 (1995) ("*Wilton*") and *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495 (1942) ("*Brillhart*"). (Doc No. 32 at p. 2:11-22 (Notice of Motion).) HLC also moved to dismiss Travelers' sixth cause of action for recoupment on the grounds that it failed to state a cause of action because Travelers had not alleged (or in fact paid) any amounts toward HLC's defense. (*Id.* at 2:16-22.) The same day, HLC responded to Samsung's Petition by asserting compulsory counter-claims against Samsung in the Georgia State Action and providing a notice of joinder of a third-party claim against Travelers (Doc No. 33-1). HLC did not assert any claims against Chubb or Liberty in the Georgia Sate Action. (*See id.*)

Several days later, Samsung filed a similar Motion to Dismiss, or in the alternative, to Stay this Action. (Doc. No. 35.)

After both HLC's and Samsung's Motions were filed, Travelers remitted payment to HLC in the amount of $287,996.47, representing a portion of HLC's defense costs incurred in the underlying Bodily Injury Lawsuits. (Doc. No. 32-4, ¶ 11, at 3:20-21; Doc. No. 39-1, ¶ 3; Doc. 51 at 3:14-17.)

**D. Chubb and Liberty Remain on the Sidelines Until Travelers and HLC Resolve to Proceed in California.**

On June 18, 2026, counsel for the Parties met and conferred in advance of a Scheduling Conference. (Doc No. 49 at 3:5-7.) During the meet-and-confer conference, Chubb and Liberty's counsel requested that Travelers stipulate to extend their deadline to file responsive pleadings to the FAC until after a ruling on HLC's and Samsung's pending motions. (Doc No. 49 at 3:8-13.) Neither Chubb nor Liberty expressed any position on Hyundai's and Samsung's pending motions. (Tragish Decl. ¶ 3.)

On July 2, 2026, HLC voluntarily dismissed, as a matter of right, any claims pending against Travelers in the Georgia State Action. (Doc. Nos. 50, 50-1.) The following day, July 3, 2026, HLC and Travelers submitted a stipulation to withdraw HLC's pending Motion to Dismiss or Stay this Action and to require HLC to answer Travelers' FAC within 14 days. (Doc No. 51.)

On July 6, 2026, this Court granted Travelers' and HLC's Stipulation to Withdraw HLC's Motion to Dismiss or Stay, ordered HLC to answer the FAC within 14 days, and ordered supplemental briefing on Samsung's pending Motion. (Doc No. 53 at p. 2; *see also* Tragish Decl. ¶ 6, **Ex. 6**.)

The same day, in a similar insurance coverage dispute involving the same underlying Bodily Injury Lawsuits, U.S. District Court Judge Christina A. Snyder issued an Order denying Liberty Insurance Corporation's Motion for Certification for Interlocutory Appeal under 28 U.S.C. § 1292(B). (Request for Judicial Notice ("RJN"), **Exs. 21-22, 27-28**.)

On July 14, 2026, with HLC's deadline to answer the FAC pending, Chubb and Liberty filed a motion to intervene in the Georgia State Action and substituted a corrected version of its Motion July 15, 2026. (Koo Decl., ¶ 4; Doc No. 64-1 at p. 10) Their Motion represented the proposed petitions were attached, but they were not filed until Friday, July 17, 2026. (*Id.*; Doc. No. 64-1 at pp. 17, 26.)

Liberty's proposed petition names only HLC, seeks declarations solely as to Liberty's own policies, with periods beginning June 15, 2022, and makes no mention of Travelers, Samsung, or Chubb. (Doc No. 64-1. at pp. 26, 37-39.)

Chubb's proposed petition identifies the three Travelers entities in its caption but requests no relief against them. (Doc. No. 64-1 at pp. 17 (caption), 18-22 (causes of action).) Its prayer seeks only declarations as to Federal Insurance Company and ACE American Insurance Company's own policies, reimbursement from HLC, costs and interest. (*Id.* at p. 23.) Its Sixth Cause of Action, styled a "Contingent Crossclaim against Other Insurers" appears to merely be a reservation of rights, not a cause of action. It alleges that "[i]n the event" Federal Insurance Company and ACE American Insurance Company are later "found liable to pay more than their correct share" they "will seek contribution from the other insurers." (*Id.* at p. 22.) The term "Other Insurers" is not defined, and the contingent crossclaim does not specifically name Travelers. *Id.*

On July 20, 2026, the court day after Liberty and Chubb lodged their proposed Petitions with the Georgia State Court, HLC answered Travelers' FAC, asserted compulsory counter-claims against Travelers, which include declaratory relief causes of action and damages for breach of contract and bad faith, and similar causes of action against Samsung, Chubb, and Liberty. (Doc No. 65.)

Chubb and Liberty's motion to intervene[4] in the Georgia State Action is scheduled to be heard on October 6, 2026. (Koo Decl. ¶ 4.) HLC has filed an Opposition. (*Id.*)

**E. The Court Denies Samsung's Motion to Stay or Dismiss this Action; Further Motions to Stay Follow.**

On August 4, 2026, this Court denied Samsung's Motion to Dismiss or in the Alternative to Stay the instant Action in favor the Georgia State Action. (Doc. No. 62.) Among other things, the Court found that *Wilton/Brillhart* was not "an apt mechanism" for Samsung to avoid defending the federal action, noting the Georgia State Action and this Action were "not duplicative" of one another and "cannot better be settled" in the Georgia State Action. (*Id.* at p. 5-6 (citing and quoting *Brillhart,* 316 U.S. at 495).) The Court found the record did not raise a strong inference that Travelers forum-shopped, specifically citing that "most of the silica lawsuits are pending in California state courts and in the territorial jurisdiction of this District." (*Id.* at p. 6.) Finally, the Court noted that the risk of inconsistent or incompatible decisions did not warrant a stay of this action in favor of the Georgia Action. (*Id.* at pp. 7-8.) The Court provided Travelers leave to amend its contribution and indemnity claims against Samsung, Chubb, and Liberty, noting the claims may be cured by amendment. (*Id.* at p. 9.) Travelers has since filed a Second Amended Complaint. (*Compare* Doc. No. 68 at 3:7-10, 3:14-17, 15:6-8, 15:24-26, to Doc. No. 62 at pp. 8-9.)

Chubb and Liberty filed the instant Motion to Stay six days later on August 10, 2026 under the *Colorado River* doctrine. Given the guidance from the Court's ruling on Samsung's Motion to Dismiss or Stay and when Samsung would not agree to stay the Georgia State Action, HLC filed a Motion to Stay the Georgia State Action on August 12, 2026 (Koo Decl. ¶ 5; Tragish Decl. ¶ 6.)

On August 20, 2026, Samsung filed a Motion to Stay this Action under the *Colorado* River doctrine and answered HLC's Cross-Claims. (Doc No. 69, 70.)

/ / /

/ / /

/ / /

---

[4] Chubb's Petition also does not seek a declaration as to the defense and indemnification rights of ACE Property & Casualty Insurance, which is a party to HLC's Cross-Claims in the instant action and which previously appeared in this action. (Doc. No. 24; Doc. No. 55 at p. 15 (caption).)

### F. The Georgia State Action Remains in its Infancy.

As of the date of this Opposition, Samsung has not answered the Counterclaims asserted by HLC in the Georgia State Action. (Koo Decl. ¶ 6.) No scheduling order has been entered, no discovery has been served, and no trial date has been set. (*Id.*) No pleading challenges have been filed or heard. (*Id.*)

## III. THE *COLORADO RIVER* DOCTRINE IS AN EXCEPTIONAL REMEDY APPLIED IN RARE CIRCUMSTANCES.

When the basis for the jurisdiction of the federal court is solely rooted in the Declaratory Judgment Act, § 28 U.S.C. § 2201, the Court's jurisdiction is discretionary, rather than mandatory. *E.g. Wilton v. Seven Falls Co.*, 515 U.S. at 290. However, once the Court's jurisdiction is invoked by claims for damages, the Court's jurisdiction becomes mandatory. *R.R. St. & Co. v. Transp. Ins. Co.*, 656 F.3d 966, 977 (9th Cir. 2011). "As between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Colorado River*, 424 U.S. at 817. The Supreme Court has emphasized that the federal courts have a "virtually unflagging obligation…to exercise the jurisdiction given to them," including in cases involving parallel state litigation. *Seneca Ins. Co. v. Strange Land, Inc.*, 862 F.3d 835, 841 (9th Cir. 2017) (quoting *Colorado River*, 424 U.S. at 817).

"Abdication of the obligation to decide cases can be justified…only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." *Colorado River*, 424 U.S. at 813, 819 (discussing important federal policy evinced by legislation promoting comprehensive state systems for adjudicating of water rights). Under "exceedingly rare circumstances will considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation counsel, in favor of abstention." *Seneca Ins. Co.*, 862 F.3d at 841 (quoting authorities) (emphasis added).

*Colorado River* and its progeny provide courts with the following factors to consider as to whether "exceptional circumstances" exist that warrant a federal court abstaining from concurrent federal and state proceedings.

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which

> the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*Id.* at 841-842.

The factors are "not a mechanical checklist" and are evaluated in a "pragmatic, flexible manner with a view to the realities of the case at hand." *Id.* (cleaned up). The Court must "carefully balance the factors…with the balance heavily weighted in favor of the exercise of jurisdiction." *Id.* at 842. Underlying the Court's review "is a strong presumption against federal abstention." *Id.* Under *Colorado River*, only the "clearest of justifications" suffice to justify the surrender of jurisdiction. *Id.* (emphasis added). "Any doubt as to whether a factor exists should be resolved against a stay, not in favor of one." *Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1369 (9th Cir. 1990).

## IV. THIS CASE DOES NOT PRESENT RARE CIRCUMSTANCES WARRANTING A STAY OR DISMISSAL UNDER THE *COLORADO RIVER* DOCTRINE.

### A. The Lack of Sufficient Parallelism Bars Abstention (Factor 8).

In order for a federal court to stay an action before it in favor of a concurrent state court proceeding, the two actions must be sufficiently "parallel" to one another. *Seneca Ins. Co.*, 862 F.3d at 845. The Ninth Circuit has explained that "parallelism is necessary but not sufficient to counsel in favor of abstention." *Id*. Stated differently, "insufficient parallelism may preclude abstention, [but] the alternatives never compel abstention…" *Id.* A state court proceeding is sufficiently parallel with a federal court proceeding when it would be "an adequate vehicle for the complete and prompt resolution of the issues between the parties." *Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 838 (9th Cir. 2023). "If there is any substantial doubt to this, it would be a serious abuse of discretion to grant the stay or dismissal at all." *Id.* "[T]he decision to invoke *Colorado River* necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case, whether it stays or dismisses." *Id.* While exact parallelism is not required (*id.* at 845), "a district court may enter a *Colorado River* stay order only if it has 'full confidence' that the parallel state proceeding will end the litigation." *Intel. Corp. v. Adv. Micro Devices, Inc.*, 12 F.3d 908, 913 (9th Cir. 1993).

In *Ernest Bock LLC v. Steelman*, the district court stayed a case before it in favor of a state court proceeding where both cases turned on a question of the enforceability of a contract guaranty, reasoning, in part, that it would be inefficient for both suits to proceed simultaneously. *Ernest Bock, LLC*, 76 F.4th at 832, 834. The Ninth Circuit reversed for abuse of discretion, holding that "a *Colorado River* stay cannot issue when, as here, federal litigation will be resolved fully only if parallel state court proceedings end in one of several possible outcomes." *Id.* at 832. Quoting the Supreme Court's instruction in *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15 (1983), the Court found that a "substantial doubt" existed as to whether "parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties." *Ernest Bock, LLC*, 76 F.4th at 841. Specifically, in the event the state court found that personal guarantees of the contract at issue were enforceable, additional federal litigation would be necessary to adjudicate claims alleging that the defendants defrauded creditors. *Id.* at 841; *see also Mendocino Ry. v. Ainsworth,* 113 F.4th 1181, 1192 (9th Cir. 2024) (approving *Ernest Bock LLC* and explaining there must be a realistic probability that a federal controversy after the state court proceedings are completed).[5]

Here, as of the date of this Opposition, Movants' proposed motion to intervene in the Georgia State Action has not been heard or ruled upon. Therefore, as currently postured, the Georgia State Action is only between Samsung and HLC. Resolving Samsung's claims against HLC and HLC's claims against Samsung, will not resolve HLC's counterclaims against Travelers, Chubb, and Liberty, all of which are at issue in this action, Travelers' claims against HLC, or Travelers' claims of equitable contribution and equitable indemnity against Chubb, Liberty, and Samsung. (8/4/26 Order, Doc. No. 62 at p. 6.)

Even if Movants' pending Motion to Intervene is granted and their Petitions and Samsung's Petition are fully adjudicated, it will not resolve HLC's or Travelers' claims in this action, which are not at issue in the Georgia State Action. (*See* § II.C, *supra*.)

---

[5] Throughout Movants' brief, Movants rely on the district court decision of *Starr Indem. & Liab. Co. v. Avenatti*, No. SACV 19-1704-DOC (JDEx), 2019 U.S. Dist. LEXIS 230988 (C.D. Cal. Dec. 30, 2019). The decision predates *Ernest Bock LLC,* 76 F.4th 827, contains little factual discussion or legal discussion of binding Ninth Circuit and United States Supreme Court precedent (*compare with Matthews v. Lemonade Ins. Co.,* 809 F. Supp. 3d 1076, 1087-89 (S.D. Cal. 2025)), discussed herein, and does not appear to have been cited by any subsequent courts.

And even if Chubb's proposed Petition can be generously construed to place at issue the respective contribution and indemnity claims amongst all insurers—which they do not—a stay cannot issue because this Action would be resolved fully only if the Georgia State Action "end[s] in one of several possible outcomes." *Ernest Bock, LLC*, 76 F.4th at 832. Specifically, the Georgia Court would need to reach a determination that none of the insurers, including Travelers, owe HLC a duty to defend or indemnify for the underlying Bodily Injury Lawsuits. If the Georgia Court determines that any of the insurers besides Samsung owes HLC a duty to defend or indemnify for the underlying Bodily Injury Lawsuits, HLC's damages claims for breach of contract and for breach of the covenant of good faith and fair dealing would still need to be decided by this Court. (HLC's Counterclaim Doc. No. 55 at pp. 23, 24-27 (Counts II, IV, VI, Prayer for Relief); HLC's Cross-Claim, Doc. No. 55 at pp. 36-37, 39-40 (Counts I, III, and V, Prayer for Relief).) Additionally, if the Georgia State Court determines that Travelers and Liberty or Samsung owe duties to defend or indemnify to HLC, this Court will have to adjudicate Travelers' equitable contribution and indemnity claims.

Given these facts, the Georgia State Action is an inadequate vehicle to "completely and promptly" resolve this Action (*Ernest Bock, LLC*, 76 F.4th at 841) because it is a certainty that additional litigation will be required in this Court if the Georgia State Action reaches one of several possible outcomes (*cf. Mendocino Ry.*, 113 F.4th at 1192). At a minimum, a "substantial doubt" exists as to the Georgia State Court's ability to totally adjudicate the claims and issues in this case. *See Ernest Bock LLC*, 76 F.4th at 841. Therefore, the *Colorado River* doctrine precludes this Court declining jurisdiction and staying or dismissing this case in favor of the Georgia State Action.

**B. Jurisdiction over Property (Factor 1) Does Not Favor Abstention.**

HLC agrees with Movants that the first *Colorado River* factor—jurisdiction over a *res*—is inapplicable because this is a dispute over money and contractual obligations, not physical property. (Mtn, Doc. No. 64, at 13:10-17.)

**C. The Convenience of the Respective Forums (Factor 2) Does Not Favor Abstention.**

In evaluating the convenience factor, the operative question is not whether the party opposing the stay can demonstrate that the federal forum is a "better" or "more convenient" forum, but whether "the inconvenience of the federal forum is so great that this factor points toward abstention." *Madonna*,

*supra*, 914 F.2d at 1368. Courts consider factors such as ease of access to proof, availability of witnesses, and other practical problems. *See Gatsinaris v. ART Corp. Sols., Inc.,* No. SA CV 15-0741-DOC (DFMx), 2015 U.S. Dist. LEXIS 90086, at *10 (C.D. Cal. July 10, 2015) (citing *Colorado River*, 424 U.S. at 818 and *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947)).

This case revolves around insurance coverage decisions relating to 313 pending lawsuits, 304 of which are pending in the State of California and 257 in the Counties of Los Angeles and Orange specifically. (*See* Doc. No 55-1.) None are pending in Georgia. (*Id.*) As such, a substantial portion of the underlying documents, evidence, and witnesses are located in California. The underlying insurance policies in this case are readily available to the parties, and HLC intends to provide copies together with its initial disclosures in this case, to the extent all parties do not possess them already. (Tragish Decl. ¶ 7.)

Movants do not argue that the California federal forum is inconvenient as compared with the Georgia state forum. Neither Chubb nor Liberty is incorporated in nor based in Georgia (Doc. No. 55 at p. 29:14-27), and both are already litigating coverage actions over the same Bodily Injury Lawsuits in the Central District of California as well as Los Angeles Superior Court against insureds who are similarly not based in California (RJN, **Exs. 21**, **22** (at ¶ 10), **27**, **29**). Indeed, Movants make no argument that 1) the claim of loss was presented in the jurisdiction of the parallel state court proceeding (Georgia); 2) that Movants plan to call witnesses to establish their affirmative defenses which are located in Georgia; or 3) there are many nonparty witnesses who would not be subject to the subpoena power of the California federal court. *Cf. Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1258 (9th Cir. 1988) (cited by Motion, Doc. No. 64 at 13:17-24). Additionally, Movants cannot credibly claim that "the coverage/contract questions have <u>no meaningful connection</u> to the Central District of California." (Motion, Doc. No. 64 at 13:19-20 (emphasis added)) particularly whereas Movants specifically insured HLC's California-related activities (e.g., **Exs. 1** (p. 6, referencing insured California operations and premises), **2** (p. 2, referencing underlying liability policy (Ex. 1), **3** (p. 47 referencing delivery to insured in California; p. 67. identifying location address in California), **4** (p. 6, referencing designated locations in California and Georgia), **5** (p. 2, referencing underlying policy (Ex. 4)) to Koo Decl. (Chubb/Liberty policies)). Further, Movants' insinuations that the Court's choice-

of-law analysis is a factor when assessing convenience of the forum is unsupported by citation to any authority. *See, e.g. Gatsinaris*, 2015 U.S. Dist. LEXIS 90086, at *10-11 (disregarding arguments that the California federal forum was inconvenient because the federal court would have to apply the law of the state in the alleged pending parallel action). In sum, Movants have not demonstrated that this Court is an inconvenient forum, much less one that would weigh in favor of abstention.

**D. Piecemeal Litigation Considerations Do Not Favor Abstention (Factor 3).**

"A general preference for avoiding piecemeal litigation is insufficient to warrant abstention." *Seneca Ins. Co. v. Strange Land, Inc.*, 862 F.3d 835, 842 (9th Cir. 2017). Exceptional circumstances should be present that would demonstrate that piecemeal litigation is particularly problematic to weigh in favor of a stay. *See id.* (citing *Travelers Indem. Co. v. Madonna*, 914 F.2d 1364 (9th Cir. 1990) and highlighting that physical water rights were at issue in *Colorado River*); *but see Mendocino Ry. v. Ainsworth,* 113 F.4th 1181, 1189 (9th Cir. 2024) (acknowledging split of Ninth Circuit authority and finding piecemeal litigation factor favored a stay in a non-insurance coverage dispute with strong evidence of forum shopping).

In *Seneca Ins. Co.* the Ninth Circuit found the district court abused its discretion by staying an insurance coverage dispute in favor of a state proceeding. *Seneca Ins. Co.*, 862 F.3d at 843. The Ninth Circuit explained that "[m]ultiple defendants, claims, and cross-claims are routine in adjudications of tort and insurance disputes—they are the stuff of diversity jurisdiction. Nothing about this dispute evinces a special or important rationale or legislative preference for resolving these issues in a single proceeding." *Id.*

Here too, there are no exceptional circumstances under the *Colorado River* doctrine that warrant this Court surrendering access to the federal forum, especially to a state court that is hearing a narrower dispute than the one before this Court. Under the more deferential *Brillhart* framework, this Court previously found that the "appreciable risk that the courts presiding over disputes between [HLC] and its various insurers may reach inconsistent or incompatible decisions on the insurers' coverage obligations," did not support staying or dismissing this Action in favor of the Georgia State Action. (8/4/26 Order, Doc. No. 62 at pp. 6-7.)

HLC respectfully submits that the piecemeal litigation factor should be viewed as neutral. *See Seneca Ins. Co*, 862 F.3d at 842.

/ / /

**E. The Order in Which the Forums Assumed Jurisdiction Does Not Favor Abstention (Factor 4).**

In assessing the order in which jurisdiction was obtained, "priority should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Travelers Indem. Co. v. Madonna*, 914 F.2d 1364, 1370 (9th Cir. 1990) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15 (1983)). In *Madonna*, the Court affirmed the 'order of jurisdiction" factor was unhelpful where the underlying state court proceeding was filed three days prior to the federal action and there had been no substantial progress in either action. *Madonna*, 914 F.2d at 1370.

Similar to *Madonna*, the Georgia State Action was filed "almost simultaneously" (*Madonna*, 914 F.2d at 1370) with the instant Action. However, the instant Action is currently more developed than the Georgia State Action. All of HLC's insurers are currently parties to this action. (Doc. Nos. 55, 68.) HLC has answered Travelers' claims (Doc No. 55), and Travelers and Samsung have answered HLC's Counter-claims (Doc. Nos. 65, 70). Chubb and Liberty have failed to file a timely responsive pleading to HLC's Cross-Claims, but have agreed to file one by September 4. (Tragish Decl. ¶ 8.) The exchange of initial disclosures is scheduled to occur on September 3, 2026 (*See* Doc. No. 48 (extending initial disclosure deadline); Doc. No. 62 (trigger 30-day deadline to serve initial disclosures).)

In contrast, as of the filing of this Opposition, Samsung has yet to file a responsive pleading to HLC's Counterclaim in the Georgia State Action. (Koo Decl. ¶ 6.) Chubb and Liberty are currently only hypothetical parties to the Georgia State Action, as their pending motion to intervene is not scheduled to be heard until October 6, 2026. (Koo Decl. ¶ 6; Doc No. 64-1 at pp. 10-15.) No discovery has occurred in the Georgia State Action to date. (Koo Decl. ¶ 6.)

If anything, the fourth *Colorado River* factor weighs against abstention, if it is not neutral entirely.

**F. The Law of the Decision Does Not Favor Abstention (Factor 5).**

While the presence of federal law issues is always a major consideration weighing against a federal court surrendering jurisdiction to a state court, the presence of state law issues weighs in favor of that surrender "only in some rare circumstances." *Madonna*, 914 F.2d at 1370.

This case presents a matter of interpretation of insurance contracts under state law in connection with various bodily injury lawsuits involving allegations of exposure to silica and non-silica containing products. This is precisely the type of "straightforward insurance dispute" involving "breach of contract—which the district court is fully capable of deciding." *Seneca Ins. Co.*, 862 F.3d 835, 844, fn. 3 (9th Cir. 2017) (explaining that while the regulation of the insurance industry is left to the states, "the policy of the McCarran-Ferguson Act… did not intend to divest federal courts of the right to apply state law regarding the regulation of insurers in appropriate diversity proceedings").) Indeed, presently, there are at least ten other similar insurance coverage lawsuits pending in the Central District of California arising from the Bodily Injury Lawsuits, including at least one brought by Liberty. (RJN, **Exs. 7-26**).

Notwithstanding the foregoing, Movants argue that Georgia law governs the adjudication of this case and therefore this case more appropriately resides in Georgia because it presents an undecided question of law. None of these arguments are supported legally or factually.

First, as both HLC and Travelers acknowledged in their prior briefing on HLC's and Samsung's Motions to Dismiss or Stay, whether California or Georgia law applies to this Action depends on the Court's application of choice-of-law principles. (*E.g.*, Doc. No. 32-1 at 18:24-25, fn. 6 (refencing choice-of-law issue as one that will be presented in this case), 17:2-18:9 (arguing under both California law and Georgia law); Doc No. 42 at 16:20-25 (noting the relevant inquiry is not <u>which</u> state's law applies, but that state law applies); Doc. No. 56 at 5:1-7, 11:6-17 (citing authorities).)[6] Movants' Motion does not engage in a California choice-of-law analysis and incorrectly cites cases by courts sitting in Georgia applying Georgia's choice-of-law principles. *See Travelers Prop. Cas. Co. of Am. v. Moore,* 763 F.3d 1265, 1270 (11th Cir. 2014) (cited by Motion at 11:1-5) ("A federal court sitting in a diversity action applies state law using the choice of law rules of the forum state, in this case Georgia. [citations omitted] Georgia follows the *lex loci contractus* rule…").

Even if Georgia law applies, a Court's interpretation of an insurance contract applying prevailing state court precedent can hardly be construed as a "novel question of law" meriting the extraordinary

[6] HLC reserved choice-of-law argument until such time as it was necessary to address. (Doc No 32-1 at p. 7:27-28, fn. 1.) Similarly, as the choice-of-law issue is immaterial to the decision of this Motion, HLC reserves the right to fully brief and address this issue at an appropriate time in this case.

remedy of *Colorado River* stay. The authority cited by Movants' Motion undermines their arguments. *See R.R. St. & Co. v. Transp. Ins. Co.*, 656 F.3d 966, 980 (9th Cir. 2011) (cited by Mtn, Doc. No. 64 at 11:13-14) (considering the rule of decision factor neutral where state law applied and the complexity of the case stemmed "from the number of policies and insurers, not from the type of law involved in the action…"); *Hanover Ins. Co. v. Poway Acad. of Hair Design, Inc.*, 174 F. Supp. 3d 1231, 1237 (S.D. Cal. 2016) (cited by Motion at 11:13-14) (finding the presence of state law calling for interpretation of wage and hour exclusions in an insurance policy did not constitute rare circumstances favoring a stay).

In summary, this case presents an insurance coverage dispute applying prevailing state contract law. There is nothing extraordinary or rare about this action which would weigh in favor of the Court declining to hear the claims and issues presented.

**G. The Adequacy of the Georgia Court Forum Does Not Weigh in Favor of Abstention. (Factor 6).**

The sixth *Colorado River* factor asks whether the state court can adequately protect any federal rights or claims belonging to the parties. *Madonna*, 914 F.2d at 1370. It is more relevant when it counsels against abstention, "because while inadequacy of the state forum…may preclude abstention, <u>the alternatives never compel abstention</u>." *Seneca Ins. Co.* 862 F.3d at 845 (emphasis added) (finding the "adequacy" factor neutral because it did not provide the "clearest of justifications" warranting a stay). Stated differently, when no federal rights are at stake because the parties bring only state-law claims, the factor carries "little or no weight" and "does not favor abstention." *Fisk Elec. Co. v. Obayashi Corp.*, 823 F. App'x 507, 509 (9th Cir. 2020) (citing *Madonna*, 914 F.2d at 1370). Because this case similarly only involves state law claims, the adequacy factor is "unhelpful" (*Madonna*, 914 F.2d at 1370).

**H. The Desire to Avoid Forum Shopping Favors the Exercise of Jurisdiction (Factor 7).**

"Forum shopping weighs in favor of a stay when the party opposing the stay seeks to avoid adverse rulings made by the state court or to gain a tactical advantage from the application of a federal court rules." *Seneca Ins. Co,* 862 F.3d at 846 (citing *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989) (party) and *Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1259 (9th Cir. 1988) as examples). In *Naskash,* a party filed in federal court after three and a half years of litigation in a state court case that was proceeding to its detriment after 70 hearings, almost 100

depositions, and 300,000 documents produced. *Nakash,* 882 F.2d at 1413, 1417; *see also Mendocino Ry.*, 113 F.4th at 1186-87, 1190 (forum shopping favored abstention where plaintiff filed federal action after receiving an unfavorable ruling on a demurrer in the state court, unsuccessful appeals to the California Court of Appeal and California Supreme Court, an unsuccessful attempt to disqualify the state court judge, and an unsuccessful attempt to remove the state court action to federal court). Similarly, in *Am. Int'l Underwriters*, a party abandoned its state case after two-and-a-half years and filed in federal court because it believed the Federal Rules of Evidence were more favorable to it than state evidentiary rules. *Am. Int'l Underwriters* 843 F.2d at 1259. It typically does not constitute "forum shopping" when a party acts within its rights by filing suit in the forum of its choice. *Seneca Ins. Co.* 862 F.3d at 846. "[W]e are cautious about labeling as 'forum shopping' a plaintiff's desire to bring previously unasserted claims in federal court." *Madonna*, 914 F.2d at 1371.

HLC has not engaged in forum-shopping. HLC was sued involuntarily by two different insurers in two different jurisdictions near simultaneously. In response, HLC answered and asserted compulsory counter-claims against Samsung in Georgia (O.C.G.A. § 9-11-13(a)). HLC voluntarily dismissed its cross-claims against Travelers in Georgia before Travelers even responded to them. After reconsidering its pending Motion to Stay or Dismiss under *Wilton/Brillhart* (and the reference in the reply to the *Colorado River* doctrine), HLC submitted a joint stipulation with Travelers to withdraw HLC's pending Motion and to answer the FAC. Thereafter, HLC asserted compulsory counterclaims against Travelers (Fed R. Civ. P. 13(a)), as well as permissive Cross-Claims against Chubb, Liberty, and Samsung—parties who were already named to this action and whose coverage liabilities were placed at issue by Travelers, <u>not HLC</u>. As noted above, HLC did not even know Movants intended to attempt to intervene in the Georgia State Action until HLC had already dismissed its claims against Travelers in Georgia, withdrawn its Motion to Stay or Dismiss, and was in the process of answering the FAC and asserting claims against Liberty and Chubb in this Action. (Tragish Decl. ¶ 5; Koo Decl. ¶ 12.)

HLC has not dismissed its compulsory counter-claims against Samsung in Georgia to preserve its rights, and after the Court denied Samsung's Motion to Stay or Dismiss this Action, HLC sought a stay of the Georgia State Action to try to avoid concurrent litigation. HLC never brought claims against Movants in the Georgia State Action. Neither the Georgia State Action nor this Action has reached any

determination as to the merits of HLC's claims or defenses. There is simply no record to reflect that HLC "ha[s] sought to manipulate the litigation or behaved vexatiously to wind up in the forum of its choosing." *Seneca Ins. Co.*, 862 F.3d at 846; *cf Nakash*, 882 F.2d at 1416; *Am. Int'l Underwriters (Philippines), Inc.*, *v.* 843 F.2d at 1259; *Mendocino Ry.*, 113 F.4th at 1186-87, 1190.

If anything, Movants' actions create an inference they are engaging in forum shopping. Movants slow-played their response to the FAC, and, only after HLC dismissed its claims against Travelers in Georgia and Movants learned that HLC intended to proceed in California did Chubb and Liberty pivot to filing a motion to intervene in the Georgia State Action. Unlike HLC, Movants have apparently been litigating the same coverage issues in California against insureds similarly situated to HLC for over a year. (RJN **Exs. 21-22, 27-31**.) Liberty specifically has brought suit against an insured in the Central District of California over the same coverage issues in this action and for the same underlying Bodily Injury Lawsuits. (RJN **Ex. 21**.) Like HLC, the insured that Liberty sued is incorporated outside of California and is based in Georgia, with policies delivered to the insured in Georgia. (*Id.* ¶ 10, Ex. A.) On July 6, 2026, just a week before Movants filed a motion to intervene in Georgia, another Court sitting in this District denied Liberty's motion to certify for appeal a ruling denying Liberty's motion for judgment on the pleadings against its insured. (RJN **Ex. 28**.) The timing of Movants' conduct implies that they are dissatisfied with progress made to date in similar litigations based in California state and federal court and seek to begin anew in a different forum.

Given the foregoing, the forum-shopping factor weighs against abstention.

## V. MOVANTS' REQUEST FOR A PARTIAL STAY IS NOT WARRANTED.

A partial stay does not "further the basic purposes of the *Colorado River* doctrine." *United States v. State Water Res. Control Bd.*, 988 F.3d 1194, 1206 (9th Cir. 2021). Only where there is "clear-cut evidence of forum shopping" will the district court analyze claims separately and decide if a partial stay is appropriate. *Id.* at 1206-07.

In *State Water Res. Control Bd.*, the United States filed two concurrent cases in state and federal court alleging violations of administrative law in connection with various water rights and water quality laws. *State Water Res. Control Bd.*, 988 F.3d at 1200. After the defendant water board filed a motion to dismiss, the United States amended its federal complaint, asserting an additional claim in the federal

court. *Id.* at 1207. The additional claim in the federal action was not stated in the state court action, but could have been raised in the state court action. The Ninth Circuit declined to find that the United States' actions constituted the "type of forum shopping necessary to justify a [partial] *Colorado River* stay" pursuant to prevailing precedent. *Id.* (citing plaintiff's disclosed preference for one forum over the other, no evidence of an impending loss in state court or dissatisfaction with state court outcomes, and a minor three-month delay associated with the addition of a new claim to the federal proceeding).

Like *State Water Res. Control Bd.*, this case does not present evidence of forum shopping (by HLC) for reasons discussed herein. HLC has acted timely, within its rights, and reconsidered its prior positions following a change in the operative facts to no party's prejudice. All of Movants' accusations of forum shopping against HLC can be made with greater force against Movants. Both Movants possess and continue to possess the ability to assert the claims they now seek to raise in the Georgia State Action in this Action. Therefore, a partial stay is not warranted, particularly whereas the threshold requirement of sufficient parallelism remains absent (*see* § IV.A, *supra*).

## VI. CONCLUSION

This Motion does not present "extraordinary circumstances" that warrant the Court surrendering its "virtually unflagging" jurisdiction to a Georgia State Court to decide insurance coverage issues affecting 304 pending lawsuits in the State of California. Most glaringly, the threshold requirement of sufficient parallelism is not present. The order of jurisdiction and forum shopping concerns weigh in favor of this Court exercising jurisdiction and denying the Motion. The remaining factors are neutral. Balancing the scales, which are inherently weighted against abstention, binding Ninth Circuit authority counsels against a stay of this Action, either in part or in whole.

DATED: August 24, 2026

TRAGISH LAW

By: /s/ Benjamin S. Tragish
Benjamin S. Tragish

Attorney for Defendant, Counterclaimant, and Cross-Claimant, HYUNDAI L&C USA LLC, erroneously sued as HYUNDAI L&C USA, LLC

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendant Hyundai L&C USA LLC certifies that this brief contains 6,967 words, which complies with the word limit of L.R. 11-6.1.

DATED: August 24, 2026 TRAGISH LAW

By: */s/ Benjamin S. Tragish*

Benjamin S. Tragish

Attorney for Defendant, Counterclaimant, and Cross-Claimant, HYUNDAI L&C USA LLC, erroneously sued as HYUNDAI L&C USA, LLC